# Richmond

HARRY LEE JENKINS, AN INFANT, ETC. v. W. FRANK SMYTH,
JR., SUPERINTENDENT OF THE VIRGINIA STATE
PENITENTIARY.

March 1, 1948.

Record No. 3347.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan
and Miller, JJ.

The opinion states the case.

*W. A. Hall, Jr.*, for the plaintiff in error.

*Harvey B. Apperson, Attorney General,* and *Ballard Baker,* for the defendant in error.

HUDGINS, C. J., delivered the opinion of the court.

This writ of error brings under review the final order of the trial judge who, after a full hearing on the merits, dismissed a writ of *habeas corpus* and remanded petitioner to the custody of respondent.

Petitioner was remanded to the custody of respondent for service of five sentences imposed upon him by the circuit courts of four counties, as follows: 5 years for grand larceny imposed by the Circuit Court of Princess Anne on July 28, 1943; 1 year for escape imposed by the Circuit Court of Augusta on October 27, 1943; 1 year for escape imposed by the Circuit Court of Rockbridge on September 12, 1944; 5 years for escape imposed by the Circuit Court of Buckingham on November 28, 1944; and 8 years for robbery imposed by the Circuit Court of Buckingham on November 28, 1944.

Petitioner completed serving the five-year sentence for grand larceny on April 9, 1947, and his one-year sentence for escape in Augusta county on December 9, 1947, and is now serving the one-year sentence for escape in Rockbridge county. The trial court held it was not necessary for it to pass on the validity of the sentences imposed by the Circuit Courts of Rockbridge and Buckingham counties as the prisoner at the time of the hearing was not being held under any one of these three sentences. We find no error in this ruling.

Petitioner contends that the five-year sentence imposed by the Circuit Court of Princess Anne county was void on the following grounds:

1. That at the time petitioner was only fifteen years of age and the court was without jurisdiction to try him without first determining that he was of a vicious or unruly disposition;

2. That his pleas of guilty both in the Circuit Court of

Princess Anne county and the Circuit Court of Augusta county were void because counsel was not assigned him nor was the effect of the pleas explained to him, and that this was in violation of the "due process" clause of the 14th Amendment of the Federal Constitution.

Code, section 1910 deals with the prosecution of minors under eighteen years of age. The last paragraph provides that:

"Unless the offense is aggravated or the child is of an extremely vicious or unruly disposition no court * * * shall sentence or commit a child under the age of eighteen years to a jail * * * or send such a child on to the grand jury, nor sentence such child to the penitentiary * * * ."

■ Under this section and other provisions of the Code the legislature has specifically provided that where the offense by a minor is of an aggravated nature or the child is of an extremely vicious or unruly nature, the juvenile court may send such child to a grand jury and, if convicted, he may be sent to the penitentiary. *Mickens* v. *Commonwealth*, 178 Va. 273, 16 S. E. (2d) 641.

The records in the juvenile court in the city of Norfolk reveal that when this petitioner was only ten years of age he appeared before the court charged with petty larceny. Between November 18, 1938, and February 23, 1943, he was arrested for various misdemeanors and felonies, including petty larceny, grand larceny, and assault with a knife. He was placed, under the supervision of a probation officer, in a home near Holland, Virginia, from which he escaped. He was caught and sent to the Virginia Manual Labor School, from which he escaped twice. He escaped from the juvenile court after being ordered to be returned to the Virginia Manual Labor School.

After the last escape from the Manual Labor School he and one Fred Darden, another infant fourteen years of age, were arrested in Princess Anne county for stealing $642.90 in money and checks totaling $772.84, for which they were indicted, tried, and sentenced to five years in the penitentiary. The order of the court states that "each of the

accused are extremely vicious and of unruly dispositions and that the offense charged is of an aggravated nature * * * ."

 These facts, which are not denied, fully justified the grand jury in returning the indictment against the petitioner, notwithstanding his age.

Petitioner testified when he pleaded guilty to the indictment he did not know that he had a right to the aid of counsel, and that the aid of counsel was not tendered him.

The accused admitted that he had been guilty of various crimes and had been arrested and brought before the juvenile court on numerous occasions; and that he was guilty of stealing money and checks as charged.

Paul Ackiss, the Commonwealth's Attorney who prosecuted the case, was called as a witness for respondent. He stated that the Honorable B. D. White, who presided at the trial, was dead; that it had been four years since the case was tried, and that he could not remember all the details; but that he did remember, from his own files and record, that when the boys were brought into court for trial on July 7, 1943, the sentences were postponed until July 28, during which period the judge asked him to ascertain from the Department of Public Welfare whether the Virginia Manual Labor School for Colored Boys could or would receive him; that it was the practice of Judge White to find out from a court attache whether or not the accused was represented by counsel, and if not, to find out if he desired counsel; that again when the accused was brought before the court he would ask before arraignment whether the accused desired the assistance of counsel. The procedure after arraignment on a plea of guilty was very informal; that he remembered Judge White's talking to these particular boys and asking them what they wanted him to do with them, whether he should send them to the Virginia Manual Labor School or to the penitentiary.

Petitioner had escaped from the Manual Labor School on several occasions and did not want to be sent there. It was only after the judge had had these informal discussions with the petitioner and had received the communication from the

Department of Public Welfare and the Virginia Manual Labor School for Colored Boys that he imposed the five-year sentence in the penitentiary. Mr. Ackiss did not remember what witnesses had testified in the case, but he was reasonably certain all the witnesses available were called and did testify.

■ This is not a capital case. Petitioner has not borne the burden of proving that the consequences of his pleas were not discussed and fully explained to him, or that the lack of the aid of counsel in his defense was an ingredient of unfairness that actively operated in the process that resulted in his confinement and sentence. For a more detailed discussion of this subject see opinions in *Stonebreaker* v. *Smyth, post,* p. 250, 46 S. E. (2d) 406, and *Haughey* v. *Smyth, post,* p. 320, 46 S. E. (2d) 419.

The petitioner attacks the sentence imposed by the Circuit Court of Augusta county for the same reasons advanced in his attack on the sentence imposed by the Circuit Court of Princess Anne county. He testified that he did not know of his right to counsel and that he made his plea of guilty without fully understanding his rights to have counsel assigned him. He admitted that he had escaped from the road force while serving a previous sentence imposed upon him.

Mr. J. M. Gilkeson, sheriff of Augusta county, testified that when he served the warrant that he asked petitioner if he desired counsel, and he said he did not but that he wanted to plead guilty and "get it over with as quickly as he could."

The sheriff testified that the trial judge, the Honorable Floridus S. Crosby, never tried an accused who appeared without counsel unless he asked him if he wanted counsel; that he always explained to the accused his rights, asked him if he desired to be tried by the judge or by a jury; that frequently he appointed counsel to defend an accused even if he indicated that he wished to plead guilty.

■ The trial judge, on this conflicting testimony, found that petitioner had not borne the burden of proving any

ingredient of unfairness in the trial which resulted in his conviction and sentence. The evidence fully justified this conclusion.

The judgment of the trial court is affirmed.

*Affirmed.*