# Richmond

W. K. Cunningham, Jr., Superintendent, Etc. v. Glenn W. Frye.

June 11, 1962.

Record No. 5409.

Present, All the Justices.

*Reno S. Harp, III, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for the plaintiff in error.

No brief or argument for the defendant in error.

Whittle, J., delivered the opinion of the court.

This case is before us upon a writ of error granted the Superintendent of the Virginia State Penitentiary to a final order of the Hustings Court of the City of Richmond, Part II, in a *habeas corpus*

proceeding in which Glenn W. Frye was the petitioner. The order appealed from was dated April 11, 1961. It adjudicated that so much of the sentence imposed upon Frye in the Circuit Court of Smyth County on November 15, 1957, in excess of five years was void, and that taking into account credit for "good time" Frye was entitled to his immediate release.

Frye filed a petition for a writ of *habeas corpus ad subjiciendum* in the Richmond court on July 15, 1960, wherein he alleged that on October 8, 1957, he was arrested and lodged in the Smyth County jail at Marion; that on October 19, 1957, a warrant charging him with the killing of William F. Tolbert was sworn out by the sheriff of Smyth County; that he waived preliminary hearing and the case was sent on to the Grand Jury. On October 28, 1957, an indictment was returned by the Grand Jury in the following words:

"The Grand Jurors of the Commonwealth of Virginia, in and for the body of the County of Smyth and now attending said court, upon their oath present that, Glenn W. Frye on the 6th day of October, in the year One Thousand Nine Hundred and Fifty Seven (1957) in said county did, unlawfully and feloniously kill and slay William F. Tolbert, against the peace and dignity of the Commonwealth."

He further alleged that on October 28, 1957, the Circuit Court of Smyth County appointed L. P. Collins, III, and D. Burke Graybeal, attorneys at law, to represent him; on November 15, 1957, he entered a plea of guilty to the indictment, and the court, after hearing the evidence, found him guilty of murder in the first degree and sentenced him to life imprisonment. He asserted that there was no official court reporter present at his trial on November 15, 1957; however a detailed news account of said trial was reported in the Smyth County News, in its November 21, 1957 issue, in which the evidence adduced at his trial was accurately set forth.

It was further alleged that the indictment to which he pleaded guilty did not charge murder and afforded the court no jurisdictional basis for finding him guilty of murder in the first degree. Therefore he contended that the sentence was a nullity as the indictment only charged the crime of manslaughter, it being drawn in conformity with the provisions of § 19-140 of the Code of Virginia in the "short form" prescribed for manslaughter.

It was also alleged that in pleading guilty to the indictment he confessed guilt only to the crime charged therein, and that the Circuit Court of Smyth County was without jurisdiction to find him guilty

of murder in the first degree, and therefore could only impose the maximum sentence for manslaughter, to-wit, five years. (Code, § 18-33).

It was further alleged that the court-appointed counsel were negligent in that they did not scrutinize the indictment and ascertain that he was charged with manslaughter; that he relied on the record to establish that his attorneys were incompetent and that his trial was a "sham and mockery of justice;" that his counsel refused to permit him to testify at his trial; that he did not understand the true nature or the consequences of his plea of guilty; that he was under the impression that the Commonwealth's Attorney would recommend a sentence of fifty years, which would be reduced to twenty years; that the court ignored the recommendation of the Commonwealth's Attorney and sentenced him to life imprisonment; that he was ignorant of his right to appeal his conviction; and that in 1958 he filed a petition in the Circuit Court of Smyth County in which he alleged reasons other than those set forth in the instant petition why he should be released from custody, which said petition was denied by the Circuit Court of Smyth County without a hearing.

The superintendent of the penitentiary answered the petition in the instant case and moved that the petition be dismissed on three grounds, the first being: That a similar petition had been dismissed by the Circuit Court of Smyth County on October 1, 1958, and no appeal had been taken from that decision as required by § 8-605 of the Code of Virginia which provides that a determination in a *habeas corpus* proceeding is conclusive unless reversed on appeal. The motion was overruled by the Richmond court without assigning a reason therefor.

The second ground assigned was that the petition should be dismissed for the reason that at the time of the filing of the petition Frye was being lawfully detained even if the excess of his sentence over five years was invalid. This motion took into consideration the "good-time credit" petitioner would receive pursuant to Code, § 53-213. The motion was based on the decisions in *Royster* v. *Smith*, 195 Va. 228, 77 S. E. 2d 855; *Jenkins* v. *Smyth*, 187 Va. 202, 46 S. E. 2d 426; *McNally* v. *Hill*, 293 U. S. 131, 55 S. Ct. 24, 79 L. ed. 238.

The third ground assigned for dismissal was in reality a motion to make any writ issued returnable to the Circuit Court of Smyth County as provided by § 8-598 of the Code of Virginia, 1950, as amended.

Recognizing that the petition was premature, the trial court postponed the entire proceeding until March, 1961, at which time peti-

tioner had served five years, taking into consideration "good-time credit". Thus the court held that since petitioner had served the equivalent of a five-year sentence he was entitled to his immediate release unless the superintendent noted an appeal.

While four assignments of error are relied upon by the superintendent, we deem it necessary to consider only one, *i.e.:* "Did the court err in refusing to issue a writ of *habeas corpus* returnable to the Circuit Court of Smyth County, as provided for in § 8-598 of the Code of Virginia as amended?"

It will be observed that there are many factual allegations set forth in Frye's petition. No proof of these allegations is before us. We do not know what happened at Frye's trial in the Circuit Court of Smyth County on November 15, 1957. Neither do we know why the Circuit Court of Smyth County denied Frye's petition for a writ of *habeas corpus* on October 1, 1958, as no appeal was taken from that ruling.

The orderly procedure in this matter demands that Code, § 8-598, as amended, be complied with. The section provides in part, "that in the event the allegations of illegality of the petitioner's detention present a case for the determination of unrecorded matters of fact relating to any previous judicial proceeding, such writ, if issued, shall be made returnable before the court in which such judicial proceeding occurred."

Here, the petitioner's allegations present such a case, and the Hustings Court of the City of Richmond, Part II, was without jurisdiction to determine the matter. It was incumbent upon the Richmond court to issue a writ of *habeas corpus* returnable to the Circuit Court of Smyth County. *Morris* v. *Smyth*, 202 Va. 832, 834, 120 S. E. 2d 465, 467.

For the reasons stated the order appealed from is reversed and the case is remanded to the Hustings Court of the City of Richmond, Part II, with directions that a writ be issued, made returnable to the Circuit Court of Smyth County, in which the previous judicial proceeding occurred; that the superintendent be permitted to file an answer to the petition, and that the petitioner be accorded a complete hearing on the allegations set forth in his petition.

*Reversed and remanded, with directions.*