## Richmond

Glenn W. Frye v. W. K. Cunningham, Jr., Superintendent of the Virginia State Penitentiary.

November 30, 1964.

Record No. 5679.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*George M. Warren, Jr.,* for the appellant.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the appellee.

Case submitted on briefs.

Buchanan, J., delivered the opinion of the court.

This is an appeal by Glenn W. Frye from an order of the Circuit Court of Smyth county entered January 9, 1963, denying and dismissing his petition for a writ of *habeas corpus,* by which he sought release from a sentence of life imprisonment imposed by the Circuit Court of Smyth county on November 15, 1957, for the killing of William F. Tolbert.

Pursuant to the opinion and order of this court in the case of *Cunningham v. Frye,* 203 Va. 539, 125 S.E.2d 846, the Hustings

Court of the City of Richmond, Part II, on September 10, 1962, issued a writ of *habeas corpus* returnable to the Circuit Court of Smyth county to be heard on the petition of said Glenn W. Frye, hereinafter referred to as petitioner or defendant, in which the said petitioner made, *inter alia*, these allegations:

That on October 28, 1957, a grand jury of Smyth county returned an indictment against petitioner charging that on the 6th day of October, 1957, he did "unlawfully and feloniously kill and slay William F. Tolbert;" that he was arraigned on said indictment and upon the advice of court-appointed counsel he pleaded guilty to the charge contained in the indictment and the court found him guilty of murder in the first degree and sentenced him to confinement in the penitentiary for life; that the said indictment did not charge him with murder, only with manslaughter, for which the maximum punishment was five years in prison, and that his conviction for murder and sentence of life imprisonment were nullities.

Petitioner alleged that the attorneys appointed to defend him were guilty of extreme neglect in allowing him to be convicted of murder on his plea of guilty to said indictment, and in the conduct of his trial; that they advised him that his sentence on a plea of guilty would not be more than twenty years; that the Commonwealth's attorney would recommend a sentence of fifty years which would later be reduced to not more than twenty years, and that they did not object to or appeal from the sentence imposed by the court.

A hearing was held on December 10, 1962, in the Circuit Court of Smyth county on the allegations of the petition, at which petitioner was represented by his counsel. The petitioner testified at length as did the two attorneys who had defended him on his trial. Officers of the court also testified and court records and papers were introduced as exhibits. From the testimony and exhibits these facts appear:

The indictment on which the petitioner was tried was in a form permitted by § 19.1-166 of the Code, which provides in part: "While any form of presentment, indictment or information which informs the accused of the nature and cause of the accusation against him shall be good the following shall be deemed sufficient for murder and manslaughter: * *." The form then given for an indictment for murder is that the defendant "feloniously did kill and murder;" and the form for manslaughter is that the defendant "feloniously and unlawfully did kill and slay."

While the indictment against the petitioner charged that he did

"unlawfully and feloniously kill and slay William F. Tolbert," and was therefore "sufficient" as an indictment for manslaughter, on the back of the indictment was written: "INDICTMENT FOR A FELONY MURDER   A True Bill   John M. Booth, Foreman."

The court order entered on October 28, 1957, recording the findings of the grand jury, listed among the indictments "An Indictment against Glen W. Frye—For a Felony-Murder-A True Bill."

The order appointing two attorneys to defend the petitioner, on his statement to the court that he was unable to employ counsel, which was entered also on October 28, 1957, was styled: "Commonwealth v. Glen W. Frye. INDICTMENT FOR A FELONY MURDER."

The order of conviction, entered on November 15, 1957, stated in its first sentence: "Came again the Attorney for the Commonwealth and Glenn W. Frye, who stands indicted for a felony, to-wit: murder."

That order recited that Lewis Preston Collins, III, and D. Burke Graybeal, attorneys theretofore appointed to represent the defendant were present with the defendant; that the court advised the defendant of his right to plead not guilty and be tried by a jury which would fix his punishment if they found him guilty, and of his right to enter a plea of guilty and be tried by the court; whereupon the defendant stated that he desired to plead guilty to the charge contained in the indictment, and the court being of opinion that he sufficiently understood the nature and effect of his plea, directed that his plea be entered of record.

The court then heard the witnesses offered by the Commonwealth and one witness offered by the defendant, and found the defendant "guilty of murder in the first degree as charged in the indictment" and fixed his punishment at life imprisonment.

At the hearing on the petition for *habeas corpus* the defendant's court-appointed attorneys described in detail their efforts to prepare the case for trial. They proceeded on the belief that the defendant was charged with murder and they were convinced that the defendant knew he was charged with murder, "because our whole defense was as to that charge."

The court instructed the sheriff's department to give to the defendant and his counsel full information as to the evidence against defendant, and that was done. They, his counsel, visited the defendant in the jail and talked to him nearly every day from the time of their

appointment on October 28, 1957, until the day of the trial on November 15, 1957. They visited the scene of the killing, interviewed witnesses and had the defendant examined by a psychiatrist. They testified that they carefully went over with the defendant the evidence the Commonwealth had against him, including evidence that would implicate him in a robbery in connection with the homicide, and they told him about the range of punishment prescribed by the law and that the Commonwealth would try to make a case of first-degree murder against him. They understood that the defendant would plead not guilty and be tried by a jury and they had prepared instructions and even the opening statement that one of them expected to make to the jury.

Later, on the day before the trial was to begin, the defendant called his attorneys to the jail and told them he did not want to take a chance with a jury trial but wanted to enter a plea of guilty. The Commonwealth's attorney was so informed and stated that he would recommend a sentence of fifty years. The attorneys explained to the defendant that this would be only a recommendation; that the court had said repeatedly that it would not be bound by such recommendations but would hear the evidence, and that nobody could guarantee what sentence the court would impose. They made no promise at all to the defendant but later, after the sentence had been pronounced, at the request of the defendant they urged the court to reconsider and reduce the sentence, which the court said it was unwilling to do. in view of the evidence. The defendant made no attempt to have his case appealed.

At the conclusion of the hearing the court filed a written opinion in which it reviewed the evidence and the authorities and stated its conclusion that the indictment was sufficient to inform the defendant of the nature and cause of the accusation against him, which he understood also from his counsel and from the proceedings in the trial which he heard; that the defendant had a fair trial and was represented by able and competent counsel; that the indictment was not void; that defendant's constitutional rights had been preserved and that he could not now substitute a writ of *habeas corpus* for writ of error. The order now appealed from was accordingly entered, denying and dismissing the petition and directing that the petitioner be returned to the penitentiary.

We agree with the decision of the trial court. The evidence at the hearing established clearly that there was no substance to the peti-

tioner's attack on the ability and the diligence of his attorneys. He knew what he was being tried for and he alone was responsible for his plea of guilty, which required that he be tried by the court. Const. of Va., § 8.

In *Cunningham* v. *Hayes*, 204 Va. 851, 134 S.E.2d 271, decided January 20, 1964 (cert. denied, 376 U.S. 973, 84 S.Ct. 1140, 12 L.ed.2d 86), we decided the question here presented by the petitioner as to the validity of a conviction of murder on an indictment in the statutory form for manslaughter.

In that case the indictment against Hayes charged that he "feloniously and unlawfully did kill and slay," as did the indictment in the present case. Hayes pleaded not guilty, was tried by a jury, found guilty of murder in the first degree and sentenced to life imprisonment. He later filed a petition for writ of *habeas corpus*, in which he alleged that his trial and sentence were illegal because he was indicted and tried for manslaughter, not for murder; that he had already served the maximum time fixed as punishment for manslaughter and was entitled to be released from prison.

We held that in Virginia there is no constitutional requirement that felonies be tried by indictment; that the requirement is only statutory, could be waived by the accused, and hence was not jurisdictional; that *habeas corpus* does not lie for errors or irregularities that are not jurisdictional; that relief by *habeas corpus* is confined to cases in which the judgment is void, not merely voidable, and that the remedy for errors and irregularities not jurisdictional is by writ of error or appeal.

We pointed out in that case matters of record which made it clear that the court, the attorney for the Commonwealth, Hayes and his counsel understood that the trial was for murder and we said:

"Our conclusion is that the judgment of the Circuit Court of Mecklenburg convicting and sentencing Hayes to life imprisonment for murder in the first degree is not void. It is merely voidable. That being the case *habeas corpus* does not lie. The remedy in such cases is by a writ of error."

That case is controlling here, and accordingly we hold that the conviction and sentencing of the petitioner, Frye, to life imprisonment for murder in the first degree was not void, but voidable only, and that his petition for a writ of *habeas corpus* to vacate said judgment was properly denied.

The order appealed from is

*Affirmed.*