Carl **HAYES**, Appellant,

v.

C. C. **PEYTON**, Superintendent of the Virginia State Penitentiary, Appellee.

No. 9878.

United States Court of Appeals
Fourth Circuit.

Argued June 3, 1965.

Decided July 21, 1966.

James C. Roberts, Richmond, Va. (Court-assigned counsel) [Tucker, Mays, Moore & Reed, Richmond, Va., on brief], for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, J. SPENCER BELL, Circuit Judge, and BARKSDALE, District Judge.

PER CURIAM:

Convicted of murder in the first degree and sentenced to life imprisonment, this Virginia prisoner belatedly attacked his conviction upon the ground that the indictment charged him with manslaughter only.

The indictment charged that Hayes "feloniously and unlawfully did kill and slay one Whaley Shelton * · * *."

Under Virginia's Code § 19.1–166, any indictment which sufficiently informs the accused of the nature of the charge will be good, but an indictment or information will be deemed sufficient for manslaughter if it charges that the defendant "feloniously and unlawfully did *kill and slay*" the deceased. Under that statute, an indictment which charges that the defendant "feloniously did *kill and murder*" will be deemed sufficient as an indictment for murder in the first degree. The indictment here was thus in the statutory language of an indictment for manslaughter, but, on the back, the indictment was clearly labeled one for murder.

It is undenied and undeniable that the defendant and his trial counsel thought that he was being tried for murder. They proceeded upon that assumption throughout the trial and through a subsequent direct appeal. No question was raised about the indictment until much later when a postconviction proceeding was commenced in the state court. The lower court ordered his release, but the Commonwealth took an appeal in the postconviction proceedings to Virginia's Supreme Court of Appeals. It reversed.[1] The Court held that, while the indictment was sufficient under the statute to charge manslaughter, it also charged murder, though defectively. It concluded that the defect in the indictment, which, admittedly, had not misled the defendant and which had prejudiced him in no way, was not a ground for postconviction relief.

Subsequently, that Court in another case came to the same conclusion where the defendant entered a plea of guilty to an indictment in identical form where it appeared, as here, that the defendant and his attorney had assumed that he was being charged with murder and had acted upon that assumption.[2]

The District Court dismissed the petition for habeas corpus for the reasons fully enunciated by Virginia's Supreme Court of Appeals in disposing of the postconviction proceeding initiated by Hayes. The decision of Virginia's Supreme Court of Appeals in that case and in the subsequent Frye case settle the question insofar as Virginia law is concerned. For the reasons there enunciated, the State's construction of this indictment as a defective charge of murder, unassailable in a postconviction proceeding, resolves the federal constitutional question.

For the reasons stated by Virginia's Supreme Court of Appeals and by the District Judge in his findings of fact and conclusions of law, the petition was properly dismissed.

Affirmed.

1. Cunningham v. Hayes, 204 Va. 851, 134 S.E.2d 271.

2. Frye v. Cunningham, 205 Va. 671, 139 S.E.2d 107.