**Freddie H. SILVA, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**No. 66–C–29–H.**

United States District Court
W. D. Virginia,
Harrisonburg Division.

March 7, 1967.

MEMORANDUM ORDER

MICHIE, District Judge.

On March 20, 1959, in the Circuit Court of Augusta County, petitioner was found guilty and sentenced to serve 7½ years on each of two counts of breaking and entering, the terms to run consecutively. He had entered a plea of not guilty and had been tried before a jury. At this trial he was represented by court-appointed counsel, Robert L. Rhea, who since that time has been appointed Commonwealth's Attorney for Augusta County. After some delay during which petitioner appealed his conviction *pro se,* a second appeal, this time with the benefit of court-appointed counsel, was taken unsuccessfully. A writ of error was denied on October 6, 1966 by the Supreme Court of Appeals of Virginia.

The above-named prisoner has also made full use of his state post-conviction remedies, at least for most of the contentions he now makes. On October 21, 1965 a plenary hearing was held at which petitioner was again given court-appointed counsel. There, in the Circuit Court of Augusta County, the state judge denied a writ of habeas corpus, finding that petitioner's claim of ineffective assistance of counsel, as well as his other claims, were without merit. The Supreme Court of Appeals of Virginia on October 4, 1966 entered an order which effectively affirmed the state judge's action in the habeas corpus proceeding.

Incidentally, petitioner has had a brief sojourn into the federal courts. Relief was denied because he had not exhausted his state remedies at that time as required by 28 U.S.C. § 2254.

He now comes to this court making three assertions, which, if true, allegedly are grounds for granting a writ of habeas corpus. He claims that he was denied effective assistance of counsel, that he was convicted upon perjured testimony, and that he was denied the right to a proper transcript or narrative with which to appeal his substantive conviction.

■ Petitioner's claim of ineffective assistance of counsel has, as the transcript of his state habeas corpus demonstrates, no basis in fact. Mr. Rhea was appointed to represent petitioner on November 24, 1958. He went to see the accused on December 5, 1958, after petitioner had been transferred from the State Prison Farm to the Augusta County jail. Another conference was held on March 18, 1959. This is obviously not a case where there was any undue delay between the attorney's appointment and his initial conference with the accused. Here the "delay" was less than two weeks. In Braxton v. Peyton, 365 F.2d 563 (4th Cir. 1966), a delay of three weeks during a similar period was held not to be prejudicial. Contrast Twiford v. Peyton, 372 F.2d 670 (4th Cir. 1967) where the delay involved was between *arrest* and appointment and where the trial took place immediately after the appointment. In *Twiford* the court found a great possibility of prejudice under the circumstances. There is nothing in the present case to indicate that a comparable possibility of prejudice existed here.

■ Petitioner alleges that Rhea was ineffective because the latter came to see him only twice during the four months prior to trial. He fails to show, however, either how or why a greater number of conferences would have been helpful in the presentation of his defense. Absent such a showing of prejudice, I cannot now hold that this allegation shows that Mr. Rhea's assistance was ineffective. An attorney need do no more than visit his client "as often as necessary, advise him of his rights, ascertain what defenses he may have, make appropriate investigations, and allow himself enough time for reflection and preparation." *Braxton,* supra at 564. It may well be that one visit or two visits to one's client is all that is necessary in a particular case. In fact, a suspect may be better served if his attorney, instead of visiting the prisoner continually, spends his time in some other aspect of preparation for the trial. These generalities aside, petitioner has not demonstrated that the two visits paid him were not all that were necessary under the circumstances of this case.

Petitioner has had a full and fair evidentiary hearing on his additional miscellaneous allegations with respect to the effectiveness of his trial counsel. These claims—that Rhea did not properly investigate the prosecution's principal witness and that Rhea's effectiveness suffered from his lack of experience—like the one already discussed—were found, and quite correctly so, to be without merit.

■ Next, the facts surrounding petitioner's allegation that he was convicted on perjured testimony need be examined. It seems that one Herbert Lewis Bateman had testified in great detail at petitioner's substantive trial about how he and petitioner and a third party broke into and entered two different motor companies' buildings and then broke into certain safes from which money was stolen. At the habeas corpus hearing petitioner claimed that Bateman had been lying when he made such statements or, at best, confused as to which night and place he was accompanied by petitioner. Bateman, however, refused to corroborate this. The essence of his testimony at the habeas corpus hearing might be summed up best in Bateman's own words found at the top of page 22 of the habeas corpus transcript. He said: "I can't be sure of nothing." When asked later whether his memory was not a lot better at the original trial, six years before the habeas corpus hearing took place, Bateman said that it was and that his original testimony was probably correct. (Tr. 27). Furthermore, petitioner was unable at the habeas corpus hearing to produce any evidence to support his own story about not being at the scene of the crime. I find, as the state judge did, that petitioner's claim that he was convicted on perjured testimony is simply untrue. Even if it were true, in most cases, habeas corpus would not be the proper forum for considering such an allegation. As a

general rule the insufficiency of evidence at a criminal trial is not a basis for federal habeas corpus relief unless the trial was so totally devoid of evidentiary support as to raise a due process issue. See, e. g., Fernandez v. Klinger, 346 F.2d 210, 211 (9th Cir. 1965) and Hamilton v. State of North Carolina, 260 F.Supp. 632, 634 (D.C.N.C.1966).

Petitioner comes closer to presenting a ground for relief with his allegation that he was denied a proper transcript or narrative than he does in any of his previously discussed contentions. If he has exhausted his state remedies as to this latter point and if what he says is true, there is no doubt that he would be entitled to a new trial or to release from prison. The Supreme Court only a few months ago in Long v. District Court of Iowa, 385 U.S. 192, 194, 87 S.Ct. 362, 364, 17 L.Ed.2d 290 (1966) again reaffirmed the fundamental principle of Griffin v. People of State of Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891 (1956) in which the majority said: "Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts."

After reading the narrative that was prepared and having read the additional facts contained in the record before me, I have concluded that though a transcript would probably have been better than a narrative, what was available was sufficient to give petitioner an adequate opportunity once he was given, as he was, counsel for his appeal.

In accordance with the foregoing, it is

### Ordered

that the writ of habeas corpus is denied and it is further

### Ordered

that the petitioner be and he hereby is granted leave to proceed on appeal in forma pauperis from this order.

It appearing to the court that the petitioner raises no substantial question, it is further

### Ordered

that, if the petitioner wishes to appeal, an application for a certificate of probable cause will be denied by this court.

If the petitioner wishes to appeal, he must file written notice of appeal with this court within thirty days from the entry of this order and, if he does file such notice, the Clerk of this court is directed to transmit the record on appeal to the United States Court of Appeals for the Fourth Circuit.

If any state records have been received by this court, the Clerk is directed to return such records after thirty days if no appeal is noted. If an appeal is noted, the Clerk is directed to retain the records pending final disposition of the case.

Let the Clerk send copies of this order to the petitioner and to the Attorney General of Virginia.