**Ralph Clifford WOOD, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–C–40–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Oct. 29, 1971.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Ralph Clifford Wood, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was then transferred to this court by order dated August 20, 1971.

Petitioner has been confined under sentences totalling seven years in the Virginia State Penitentiary pursuant to judgments of the Corporation Court of the City of Norfolk imposed on January 16 and May 4, 1967, for grand larceny and several counts of drawing and utter-

ing. Those convictions are not challenged here; rather, petitioner attacks his subsequent conviction in the Circuit Court of Augusta County on February 13, 1970, of felonious escape for which he incurred a one-year prison sentence. The conviction arose after a trial by jury in which petitioner, represented by court-appointed counsel, entered a plea of not guilty.

■ On direct appeal the Virginia Supreme Court of Appeals denied petitioner's writ of error in which he alleged in effect the same claims he presents here. Petitioner also sought state habeas corpus relief in the Circuit Court of Augusta County, wherein his petition was denied and dismissed without a hearing. By presenting his claims on direct appeal to the state's highest court, petitioner has exhausted his available state remedies and is therefore properly before this court. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner alleges that his conviction is void because of three constitutional infirmities in the trial proceedings: 1) the indictment was void since it did not charge petitioner with a felony; 2) there was insufficient evidence to support the conviction; 3) the trial court improperly refused to give proffered instructions.

The facts are brief and undisputed. On September 16, 1967, petitioner was assigned from the state penitentiary to the custody of the Superintendent of the Bureau of Correctional Field Units, Unit No. 10, located in Augusta County, Virginia. On July 31, 1969, petitioner and several other trusties were taken to an area near Camp 10 to engage in road maintenance work under the supervision of an employee of the State Highway Department. At approximately 9:15 a. m. after having received permission to go into the adjacent woods, an expedience required by the lack of more suitable toilet facilities, petitioner left and did not return that day either to the work area or to the camp. The next morning a state game warden, aware of petitioner's description and appearance, apprehended him without resistance as he was hitch-hiking away from the camp. Petitioner was then returned to the Field Unit. Since the record is complete and because the alleged errors involve matters of law, we do not need to develop additional facts. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ Petitioner was convicted and sentenced pursuant to Section 53–291, Virginia Code Annotated, which provides, in part:

> It shall be unlawful for an inmate in a penal institution as defined in § 53–9 or in the custody of an employee thereof to do any of the following:
>
> \* \* \* \* \* \*
>
> (2) To escape from such penal institution or from any person in charge of such inmate;
>
> \* \* \* \* \* \*
>
> [For this offense] the inmate shall be guilty of a felony and he shall be punished by confinement in the penitentiary not less than one nor more than five years which sentence shall be served after the end of the term for which he shall then be subject to confinement.

A prison camp or farm is a penal institution under this act. Code § 53–9. Since the petitioner was at all times a convict in the state penitentiary system, it is immaterial for the purposes of the penal statute that he escaped while working on a public road.

■■ Petitioner claims that the indictment was insufficient because, lacking the allegation that he escaped by force or violence, it did not charge a felony. There is no merit in this contention; neither force nor violence is a necessary element of the offense established by Section 53–291(2). In any case, an indictment may be collaterally attacked on habeas corpus only if it affirmatively shows that the court lacked jurisdiction, as where no offense is stat-

ed. Ex parte Parks, 93 U.S. 18, 23 L. Ed. 787 (1876); Murphy v. Beto, 416 F.2d 98 (5th Cir. 1969); Carr v. Coiner, 296 F.Supp. 1058 (N.D.W.Va.1969). Having stated the elements of the offense, the indictment fully apprised petitioner of the felony charge against him. Hayes v. Peyton, 364 F.2d 303 (4th Cir. 1966) cert. den. 385 U.S. 981, 87 S.Ct. 530, 17 L.Ed.2d 442. Therefore the criminal proceeding was properly within the jurisdiction of the Circuit Court of Augusta County. Code § 53–295.

Petitioner also claims that the trial court improperly refused to give instructions to the jury defining the penalty provisions found in Section 18.1–290, which provides:

> If any person lawfully confined in jail or lawfully in the custody of any court or officer thereof or of any law enforcement officer on a charge or conviction of a criminal offense escape, otherwise than by force or violence or by setting fire to the jail, he shall be confined in jail not exceeding six months, or be fined not exceeding five hundred dollars, or both.

Having escaped without the use of force or violence, petitioner apparently argues that he committed no more than a misdemeanor and that at the very least the jury should have been given the discretion to impose the less severe penalty of the misdemeanor statute.

We do not agree. It is well settled that the propriety of jury instructions are usually matters of state law not involving federal constitutional issues, and it is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question arises. Kearney v. Peyton, 360 F.2d 589 (4th Cir. 1966); Wilborn v. Peyton, 287 F. Supp. 787 (W.D.Va.1968). The court's choice of instructions did not impair petitioner's constitutional rights. It is the nature of the confinement rather than the existence or absence of force or violence which distinguishes the escape offenses defined in Sections 53–291 and 18.1–290. If the offender has been assigned to and later escapes from the direct custody of the state penitentiary system or its agents, the felony statute applies. The lesser statute involves cases where the offender is not in the custody of the state penitentiary system, as where he is assigned to and escapes from jail, or where he escapes from a jail, police officer or officer of the court at any time, including trial, prior to a judgment on the charge against him. To a degree Virginia, like many other states, also punishes an escapee more severely if the crime for which he has been confined is a felony rather than a misdemeanor. See e. g. Section 18.-1–288; 27 Am.Jur.2d Escape, Prison Breaking and Rescue § 20. Thus an escape performed without force or violence does not in all cases reduce the offense from a felony to a misdemeanor.

Petitioner's final claim, that the conviction was not supported by sufficient evidence, may be disposed of easily. The insufficiency of evidence at a state criminal trial is not a basis for federal habeas corpus relief unless the conviction is so totally devoid of evidentiary support as to raise a due process issue. Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969); Montgomery v. Peyton, 299 F.Supp. 514 (W.D.Va.1969); Silva v. Peyton, 264 F.Supp. 909 (W.D.Va.1967). A review of the transcript clearly indicates that ample evidence supported the conviction. Indeed rather than attack the initial question of whether or not there was an escape, defense counsel appears to have concentrated more heavily on the absence of the use of force or violence by petitioner during his escape and flight.

For the foregoing reasons, it is ordered that the petition for a writ of habeas corpus is dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of this court a notice of appeal. Failure to file the notice of appeal within 30 days may re-

sult in a denial of the right to appeal. The notice shall state the following:

1. the party or parties taking the appeal;

2. the judgment, order or part thereof appealed from; and

3. the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.