**Raymond Howard CLAYTOR, Petitioner,**

v.

**A. E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 72-C-41-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

April 25, 1972.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Raymond Howard Claytor petitions this court for a writ of habeas corpus to terminate his alleged illegal confinement in the Virginia prison system. Leave to proceed *in forma pauperis* has been granted.

Claytor was convicted of second degree murder in the Circuit Court of Franklin County on April 30, 1969, and sentenced to a twenty year term in the State Penitentiary. The conviction resulted from a jury trial at which petitioner, represented by retained counsel, pleaded not guilty. He did not appeal.

Petitioner here claims that his conviction was illegal for several reasons: (1) defective indictment; (2) insufficient evidence; and (3) ineffective representation of counsel. He presented the first and third allegations by habeas corpus to the Circuit Court of Franklin County, which dismissed the petition, after hearing, on July 30, 1971. The dismissal was affirmed by the Supreme Court of Virginia on January 26, 1972. The claim of insufficient evidence has not been presented to the Virginia state courts. Claytor has therefore exhausted his available state remedies in compliance with 28 U.S.C. § 2254 as to the first and third claims but not as to the second. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The court will not now consider the second claim.

At the state habeas corpus proceeding, the Circuit Court held that petitioner

had been denied his right to appeal the conviction. This court is advised that the petitioner has filed a writ of error in the Supreme Court of Virginia. Although the transcript and other records of the original trial are before that court, the state habeas corpus records provide a factually sufficient basis for this court to rule upon petitioner's claim.

The indictment charges that Claytor "feloniously and unlawfully did kill and murder one James Finney . . . ." Under Virginia law this "short form" indictment is sufficient to charge manslaughter. Code § 19.1–166. Because, it is argued, he was found guilty of second degree murder, the conviction is void. The court does not agree. If an accused is aware of the actual charge against him, and so long as the indictment provides sufficient information upon which to prepare a defense, there has been no violation of any constitutional right cognizable in this proceeding. See Hayes v. Peyton, 364 F.2d 303 (4th Cir. 1966); cf. Frye v. Cunningham, 205 Va. 671, 139 S.E.2d 107 (1964). At the state hearing Mr. B. A. Davis, Jr., petitioner's counsel and one of Virginia's outstanding criminal lawyers, stated that both he and petitioner knew throughout the proceedings that petitioner was charged with second degree murder. Counsel was further aware just before trial that the indictment was defective, but did not object because it would constitute only a minor delay before the indictment would otherwise be corrected or renewed in proper form. Although petitioner was somewhat evasive, it is clear that he knew the actual crime for which he was tried. The claim therefore lacks merit.

Claytor also claims that counsel was ineffective because he failed to conduct a proper investigation which would have revealed a proper defense. It appears from the record that Claytor was convicted of killing James Finney after an altercation at the home of Jessie Divers. Divers was the third and only other person present during that time. Counsel did not view the scene, although he was familiar with the neighborhood. Apparently the theory of the defense was that Divers, not Claytor, slew Finney. At trial however the prosecution called two other persons whose testimony at least mildly damaged petitioner. Prior to trial Davis was not aware of these witnesses.

Under the circumstances of this case the court does not feel that petitioner's right to effective representation as guaranteed by the Sixth and Fourteenth Amendments have been violated. Mr. Davis conferred frequently with petitioner, Divers, the police and the Commonwealth Attorney and he talked to others petitioner suggested to him. He also attempted unsuccessfully to secure a favorable recommendation from the Commonwealth's Attorney, on the assumption that petitioner would plead guilty. Convinced that no one else saw the criminal act, he saw no reason to view an already familiar scene. Although petitioner alleges that counsel failed to interview favorable witnesses, he neither identifies them nor reveals the nature of their testimony. At trial petitioner assured the court that he was satisfied with counsel's representation and that they had discussed potential witnesses. The damage caused by the testimony of the unexpected witnesses was largely petitioner's fault since he failed to inform counsel, despite inquiries, to identify those whom he had come in contact with after the crime. Finally, it having been established that the defective indictment was not fatal, or even prejudicial error, Mr. Davis' failure to suppress it did not constitute improper representation.

In light of the above, it is ordered that the petition for a writ of habeas corpus be and is hereby dismissed without prejudice to petitioner's refiling in this court the claim not here adjudicated.