## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Larry Leon Banton

### March 12, 1990

### Case No. (Criminal) 6667

By JUDGE JAMES H. CHAMBLIN

After the presentation of evidence and argument of counsel at the bench trial in the above case on February 23, 1990, the Court took under advisement the issue of whether or not the defendant, Larry Leon Banton, is guilty of escape in violation of Virginia Code § 53.1-203. The Court has also considered the authorities subsequently submitted by counsel.

For the reasons hereinafter set forth, the Court finds the defendant not guilty of the offense of escape as charged in the indictment.

On October 31, 1988, Mr. Banton was convicted by another judge of this Court of the felony of driving after having been adjudged an habitual offender. His bond was revoked, and he was remanded to the custody of the sheriff "with work release privileges granted on the standard terms and conditions."

The defendant was taken from court to the Loudoun Adult Detention Center (A.D.C.) where he met with Sergeant Trula Peach, who was in charge of taking prisoners into the A.D.C. She had been informed that the defendant was

to be immediately assigned to work release. She acquired a home address and telephone number and the place of employment address and telephone number from the defendant. She instructed Mr. Banton to return to the A.D.C. by 6:00 p.m. or he would be classified as an escapee.

Mr. Banton did not return to the Loudoun A.D.C. by 6:00 p.m. on October 31, 1988. A felony warrant charging the defendant with escape in violation of § 53.1-203(1) was obtained from a magistrate later that same evening.

The defendant was arrested on the warrant on October 26, 1989. He waived preliminary hearing on November 16, 1989, and was indicted on December 11, 1989, on the following charge:

> being a prisoner in a state, local or community correctional facility, did feloniously and unlawfully escape from said facility or any person in charge of such prisoner, to wit: the Loudoun County Adult Detention Center, or in the custody of an employee thereof; in violation of § 53.1-203 of the Code of Virginia.

When the defendant's bond was revoked on October 31, 1988, by this Court he thereupon became in custody. Being granted work release privileges by this Court, the defendant became a participant in the work release program not later than the time he was allowed by Sergeant Peach to leave the A.D.C. to go to his place of employment. Although there is no statute or case directly on point, a prisoner on work release must be deemed in custody at all times. *See Ruffin v. Commonwealth*, 62 Va. (21 Gratt.) 790 (1871) (convict outside of penitentiary under authority of law can be guilty of escape); *Wood v. Cox*, 333 F. Supp. 1064 (W.D. Va. 1971) (inmate of penitentiary working on a public road can be guilty of escape); *United States v. Hollen*, 393 F.2d 479 (4th Cir. 1968) (federal prisoner on work release who failed to return at end of work day can be guilty of escape).

Criminal statutes must be strictly construed against the Commonwealth and in favor of the liberty of the citizen. *Price v. Commonwealth*, 209 Va. 383 (1968); *McKinney v. Commonwealth*, 207 Va. 239 (1966). Further, an accused is as much entitled to the benefit of a reasonable doubt

as to the law as about the facts. *Enoch v. Commonwealth*, 141 Va. 411 (1925).

The Virginia legislature has chosen to enact at least twelve different statutes concerning escape. Sections 18.2-473; 18.2-475 through 18.2-480; 53.1-37; 53.1-60; 53.1-131; and 53.1-203. There is no general escape statute similar to the federal escape statute, 18 U.S.C. § 751. Because Virginia has decided to enact statutes dealing with specific types or forms of escapes, once the Commonwealth has elected to prosecute a defendant under a specific statute, it must be shown beyond a reasonable doubt that the defendant committed the specific form of escape charged. If the facts proved at trial show a violation of another escape statute (being a form of escape specifically addressed by the legislature) rather than the one under which the defendant is charged, then a reasonable doubt both as to the law and the facts has been raised.

In this case, the Commonwealth has shown a violation of another form of escape (as addressed in another statute) rather than a violation of § 53.1-203. The evidence clearly shows that the defendant while in the work release program at a jail left the area he had been assigned to work or left the route of travel in his going or returning from such place of work without proper authority or just cause in violation of § 53.1-131 (a class 2 misdemeanor). Section 53.1-203 concerns escape from a correctional facility or an employee thereof in charge of the prisoner. This statute deals with the escape from the physical confines of a correctional facility or the actual custody of an employee thereof whether within or without the facility. There was no evidence that the defendant escaped from the confines of the Loudoun A.D.C. or the custody of an employee thereof. His actions were a violation of the work release statute covering jail (local correctional facility) prisoners. Section 53.1-131.

The Virginia legislature chose to address specifically the escape of a jail prisoner on work release in § 53.1-131. It specifically chose to make it felony escape only if the offender leaves the Commonwealth. If the Virginia legislature had wanted failure to return at the end of a work release day to be felony escape or failure to return after a certain period of time to be felony escape, then

it could easily have done so by a simple modification of the language in § 53.1-131 or § 53.1-203.

For all the foregoing reasons, as well as the failure of the Commonwealth to prove that the Loudoun A.D.C. is a local correctional facility as defined in § 53.1-1, *see Hobson v. Murray*, 485 F. Supp. 1340 (E.D. Va. 1980), the Court finds Mr. Banton not guilty.