State *v.* Malloy.

---

---

## STATE *v.* PATRICK MALLOY.

*Breaking Jail. Evidence. R. L. ss.* 828, 1459. *Justice of the Peace.*

1. When the respondent was arrested in Essex County there was no jail there, and he was committed to the jail in Caledonia County; held, no error.
2. The original mittimus, with the officer's return thereon, is the best evidence that the respondent was legally confined in jail.
3. By section 828, R. L. a justice of the peace is not required to make a record of a mittimus.
4. It was error to admit as evidence the original files in the proceedings before the magistrate, instead of a copy ; also, to allow parol evidence of the copy of the mittimus left with the jailer, as its loss was not satisfactorily proved; but, as all this was immaterial, the mittimus itself being *prima facie* evidence of a legal commitment, the errors work no injury to the respondent, and he, therefore, takes nothing by his exceptions.
5. The respondent was committed by force of the mittimus, and not the copy left with the jailer; hence, if the copy were lost, or the officer should fail to leave one, this would not invalidate the commitment.
6. R. L. ss. 1459, commitment, where no jail in county ; 828, what records a justice shall keep—construed.

INDICTMENT for breaking jail. Trial by jury, verdict, guilty, at the June Term, 1881, Caledonia County, Ross, J., presiding. L. Sulloway, the jailer, was called as a witness and testified that he carried the copy of mittimus and officer's return on same in

State *v.* Malloy.

case *State* v. *Malloy*, to Montpelier in fall of 1880, before a Committee on Claims; and that at the request of Auditor Powell, he left the same with said Powell; that he had not seen it since. No proof was offered to show that either Sulloway, or Mr. Bates, had made any search, or had ever called upon Col. Powell for this copy of mittimus.

Sulloway, against the exception of respondent, was permitted to state that the copy left with him by the deputy sheriff, was just like the original produced by said Hobson. The return on the mittimus showed that there was no jail in Essex County.

COPY OF MITTIMUS.

STATE OF VERMONT, } *To any Sheriff or Constable in Vermont :*
ESSEX COUNTY. ss. } GREETING.

WHEREAS, At Brighton, in the County of Essex, on the 4th day of September, A. D. 1879, Patrick Malloy, alias Henry Malloy, alias Patrick Kelley, a transient person, was on a charge in the following words, viz : That " Patrick Malloy, Henry Malloy, alias Patrick Kelley, a transient person at Brighton, in said Essex County, on the 20th day of August, A. D. 1879, with force and arms, one bay mare of the value of two hundred dollars, of the goods and chattels of E. C. Robinson, of said Brighton, did then and there wilfully and feloniously steal, take, drive and lead away, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State," by me, the said Nathan Hobson, justice of peace for the County of Essex aforesaid, ordered to find good and sufficient sureties in the sum of two hundred dollars for his appearance before the County Court next to be holden at Guildhall, in and for the County of Essex, on the third Tuesday of September, A. D. 1879, to answer to matters and things which should then and there be objected to him in that behalf, and the said Patrick Malloy, alias, etc., etc., having neglected and refused to find sureties for his appearance as aforesaid,

*Therefore,* By the authority, etc., you are hereby commanded to take the body of the said Patrick Malloy, etc., etc., and him commit to the keeper of the jail in St. Johnsbury in the County of Caledonia, within the who is hereby commanded to receive the said Patrick Malloy, etc., alias, etc., and him safely keep so that he be had to appear before the said County Court to be holden at Guildhall aforesaid, on the third Tuesday of September aforesaid, or until he find good and sufficient sureties for his appearance as aforesaid, or be otherwise discharged according to law.

The respondent's counsel excepted to several rulings of the court below ; but the other questions are sufficiently stated in the opinion.

7

*Elisha May*, for the respondent.

It was error to admit the original files. 13 Vt. 9; 18 Vt. 594; Green. Ev. 1, s. 513. Lawful confinement cannot be shown by the mittimus. Russ. on Cr. p. 17, 378; Arch. Cr. Pl. 18th Ed. 835; 2 Bish. Cr. L. s. 889; 32 Vt. 427; Roscoe's Cr. Ev. s. 865. It was error to admit the original mittimus, instead of the copy left with the jailer, 14 Vt. 311; 34 Vt. 97; Gen. St. p. 298, s. 62; 47 Vt. 95. The mittimus does not show a lawful commitment in the jail at St. Johnsbury. It was not for the justice to determine *where* he should be confined. G. S. p. 298, s. 59, 60; 45 Vt. 386; 2 Pick. 445; 18 Vt. 458; 25 Vt. 93; 5 Allen. 130.

*H. C. Bates*, State's attorney.

The mittimus was *prima facie* proof that the commitment was lawful. Arch. Cr. & Pl. vol. 2, p. 111; 17 Vt. 577. The mittimus not being a part of the record, the original may be produced in court. Green. Ev.-vol. 1, s. 513. The evidence of loss of the copy left with the jailer was sufficient to let in proof of the contents. 6 Vt. 395; 33 Vt. 219.

The opinion of the court was delivered by

ROYCE, Ch. J. It appears, from the uncontradicted evidence, that at the time the mittimus was issued, upon which the respondent was arrested and committed to the jail in St. Johnsbury, that there was no jail in the county of Essex. Section 1459, R. L., provides that if there is no legal jail in the county where the arrest is made, the commitment shall be made in the adjoining county in which there is a legal jail. It was under and by force of that statute that the magistrate directed the commitment of the respondent to the jail in St. Johnsbury, a legal jail in an adjoining county; and in that there was no error. The power was conferred upon the magistrate by the statute above referred to. It was incumbent upon the State to show that the respondent was legally confined in jail at the time when it is alleged that he broke open and escaped therefrom. To show that fact the State offered in evidence the original mittimus, with the officer's return thereon, showing that by virtue of the same he arrested the respondent and

committed him to said jail. The respondent objected to said mittimus and return, upon the ground, first, that the mittimus and return constituted a part of the record which the magistrate was required by law to make, and that a certified copy was the legitimate and proper evidence ; and, second, that said mittimus and return, or a copy thereof, was secondary evidence, and that the best evidence was the copy which it is made the duty of the committing officer to leave with the jailer.

The statute, sec. 828, which requires justices of the peace to keep a record of their judicial proceedings, has reference to and includes proceedings down to and including the final judgment. All precepts issued by them predicated upon such judgments are made returnable to them, and when so returned, should be kept and preserved by them ; but they are under no obligation to make a record of them, unless there is some law that especially requires it to be done.

The magistrate was not required to make a record of the mittimus and return ; and hence the original and return thereon furnished the proper and best evidence.

The mittimus was good in substance and form, and the return thereon shows that the respondent was legally committed to jail. He was not committed by virtue of the copy which the officer was required to leave with the jailer at the time of the commitment, but by virtue of the mittimus which required that he should be committed to jail and kept therein until legally discharged. Having been lawfully committed, his detention in obedience to the command of the mittimus would not become an illegal and unjustifiable detention on account of the neglect of the officer to leave a copy of the mittimus and return with the jailer. Such neglect would not have the effect to invalidate what the officer had done in committing his prisoner under the command of the mittimus. The object in requiring such copy to be left with the jailer is, that he may have available evidence of his authority and right to detain the party described therein in jail, and that the prisoner may ascertain, from the same or a copy thereof, which the jailer is required upon proper application to furnish, the cause of his imprisonment. It is not necessary to decide under what circum-

stances and to what extent the committing officer might be held personally liable for neglecting to furnish a copy of his precept and return to the jailer, as required by law. It is sufficient for present purposes to say, that the neglect to leave such copy, or to produce the same, when one has been lost, or to prove its contents, when such proof is admissible, are not in justification for breaking open and escaping from jail, when it is shown that the party was legally committed.

We do not regard such copy as the best evidence. It would probably be held to be admissible, because it is a document which the officer is required to make and certify. But it is a copy, and when the original is obtainable that is the best evidence; and if either is to be regarded as secondary, it would be the copy.

The State was not obliged to show that the proceedings preceding the issuing of the mittimus were legal. The mittimus being good in substance and form, and a legal return thereon having been made, showing the arrest and commitment of the respondent by virtue of it, was *prima facie* evidence that he was legally confined at the time he is charged with having broken open and escaped from the jail. Neither was the State obliged to produce the copy left with the jailer, or to prove its contents. The State was permitted to put in evidence the original files in the proceedings before the magistrate, which resulted in the issuing of the mittimus upon which the respondent was committed. The magistrate testified, when he produced said files, that he was quite sure he had a record made up in the case, and it was at home. The files were admitted, subject to the objections and exceptions of the respondent. It has been repeatedly held in this State that such files were not admissible, and that a copy of the record is the proper evidence. It was error to admit this, but no such error as requires the reversal of the judgment.

As we have seen, it was not the duty of the State to put in any evidence as to said previous proceedings; and in attempting to show them they offered to prove what it was not incumbent upon them to prove and what was wholly immaterial upon the question of the respondent's guilt or innocence. Disregarding that evidence and the facts it tended to show, there was other and suf-

ficient uncontradicted evidence in the case that justified the court in charging the jury as the case shows that it did upon that subject. So, too, we think the court erred in allowing the proof of the contents of the copy left with the jailer. It was not shown that such a search had been made for the copy as would warrant the admission of proof of its contents. But inasmuch as it was not necessary for the State to produce said copy, or to prove its contents, the respondent was not prejudiced by that evidence ; and it was not such an error to admit it as requires a reversal of the judgment. The result is, that the respondent takes nothing by his exceptions.