## State of Vermont v. Charles Arthur Mahoney

[ 207 A.2d 143 ]

December Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 2, 1965

*Arthur E. Crawley, Jr.,* State's Attorney for the state.

*Frederick J. Glover,* for the respondent.

**Holden, C. J.** The respondent Charles Arthur Mahoney was found guilty of the crime of burglary in the night. The trial was by jury in the Orange County Court. In this appeal from the judgment that followed he assigns error to two rulings made before trial. The first denied his request for a continuance. The second overruled a motion to dismiss the prosecution on the ground the respondent had been deprived of his right to a speedy trial by the failure of the State to dispose of the case within a year from the date of its commencement.

·The prosecution began with the respondent's arrest on January 27, 1961 at a time when the respondent was before the Rutland Municipal Court to answer a complaint alleging a different and less serious offense. James S. Abatiell, an attorney of Rutland, was immediately assigned to represent the respondent on the burglary charge. A not guilty plea was entered and the respondent was detained in custody for want of bail.

After preliminary hearing on February 13, 1961, the respondent was bound over to the Rutland County Court for trial according to the procedure of the statute. Two days later, and before the present cause was set for trial, the respondent was adjudged to be in violation of parole in connection with a prior offense and was returned to the state penitentiary. During this confinement the respondent was in communication with his assigned counsel.

On May 23, 1961 the respondent returned to Rutland County Court for disposition of the burglary charge. Before appearing in court, the respondent consulted with his attorney. Following this conference, the respondent requested the court to appoint Joseph S. Wool of Burlington, a member of the bar experienced in criminal proceedings, to represent him. The respondent's request was granted. The change in assigned counsel was accomplished and final disposition was postponed.

In July Mr. Wool conferred with the respondent at the prison. Later an attorney from Mr. Wool's office visited the respondent. In August the presiding judge of the Rutland County Court conferred with Mr. Wool, the State's Attorney and the clerk of the court to fix a date for trial. It appears in the record that further delay was allowed "on the basis of assurances from the two counsels involved—the matter was set over to October."

When the case was called in October, Mr. Wool requested leave to withdraw from his assignment. The court advised the respondent in open court that the request would be granted, that other counsel would be appointed to represent him and that he would be advised of the time of trial.

On November 3, 1961, the court assigned Earle J. Bishop, an experienced member of the bar from Rutland to represent the respondent. The case was set for trial in Rutland County Court on February 5, 1962. On that day the respondent appeared with his counsel and filed a motion requesting a change of venue from Rutland to Orange County because of wide publicity. A request for a continuance of thirty days was urged at the same time.

The court granted the motion for change of venue, ordered the case transferred to Orange County but directed the trial was to commence the following day. Trial began on the afternoon of the next day. The jury returned its verdict of guilty the afternoon of February 8, 1962.

The respondent contends the denial of his motion for a continuance deprived him of his liberty without due process as required by the Fourteenth Amendment of The United States Constitution. He urges that his confinement in the Vermont State Prison made preparation for trial difficult, that the ruling was unfair and contrary to the fundamental principle of *Gideon* v. *Wainwright, 372* U. S. 335, 9 L.Ed 799, 83 S.Ct. 792, 93 A.L.R. 2d 733.

We think the precept of *Gideon* was scrupulously observed throughout this prosecution. The respondent was never called upon "to stand before his accuser without a lawyer to assist him." He requested and was granted the assistance of "the guiding hand of counsel at every step of the proceedings against him."

The assigned counsel who finally represented him at the trial had been appointed more than three months in advance of the actual hearing. Although the respondent was confined during this period, there is nothing to indicate any difficulty was experienced in arranging for conferences between the accused and his attorney nor that the attorney and client relationship was impaired.

The time interval between assignment and trial was ample to afford careful preparation of the defense. In the absence of any showing that the court's refusal to further prolong the trial prejudiced the defendant in some particular way we must conclude that the court's discretion was soundly applied. *State* v. *Prouty,* 94 Vt. 359, 361, 111 Atl. 559; *State* v. *Rickert,* 124 Vt. 380, 205 A.2d 547.

Did the delay between arrest and trial deprive the respondent of his right to a speedy trial as protected by the Sixth Amendment of the United States Constitution and Article 10 of Chapter I of the Vermont Constitution?

The right to a prompt trial serves a threefold purpose. If the accused is confined awaiting trial, it protects him against prolonged imprisonment prior to the determination of his guilt or innocence. It protects him against prolonged anxiety and public embarrassment attendant upon an untried accusation of crime. It protects the accused from the hazards of excessive delay which might deprive him of witnesses in his behalf or dull their memories in the recall of the event and circumstances relevant to the charge.

The protection may be invoked by any person accused of a criminal offense whether he be admitted to bail, or in confinement,

and without regard to whether his imprisonment is on the complaint at hand, or for some unrelated offense. *State* v. *Prosser,* 309 N.Y. 353, 130 N.E. 2d 891, 57 A.L.R. 2d 295, 300; *Commonwealth* v. *Hanley,* 337 Mass. 384, 149 N.E. 2d 608, 66 A.L.R. 2d 222; 14 Am. Jur. Criminal Law, §134; 22A C.J.S. Criminal Law, §467.

█ Although the right is secured by the paramount law, it is personal to the accused. He can waive its protection if that is his choice. *People* v. *White,* 2 N.Y. 2d 220, 140 N.E. 2d 258, 260; *State* v. *Boynton,* 143 Me. 318, 62 A.2d 182, 188; *Pietch* v. *United States,* 110 F.2d 817, 129 A.L.R. 563, 567; and annotations, 129 A.L.R. 572, 57 A.L.R. 2d 304.

It is at once apparent from the record in this appeal that the delays which beset trial of this cause were either requested by the respondent or were occasioned by complications which attended his requests for change in the assignments of counsel. And after the trial date was at long last firmly fixed, the respondent sought further postponement.

These facts and circumstances lead us to the conclusion that the respondent effectively waived his right to an earlier trial. Since there has been no invasion of his constitutional rights, the motion to dismiss the charge by reason of delay was correctly overruled.

*Judgment affirmed.*