# In Re Fred DeCelle

[218 A.2d 714]

February Term, 1966

Present: **Holden, C. J., Shangraw, Barney and Keyser, JJ.**

Opinion Filed February 25, 1966

*Donald M. French* and *Lawrence Miller* for the petitioner.

*Louis P. Peck,* Deputy Attorney General, for the State.

**Barney, J.** This petitioner pleaded guilty to a complaint charging him with the rape and carnal knowledge of a female child eight years old. The time and place of the episode are alleged, and their sufficiency is not challenged. At the time he was represented by qualified, experienced counsel assigned at the arraignment, where, initially, a not guilty plea had been entered. Now, through different counsel, by virtue of a habeas corpus petition, he claims he is entitled to be released and discharged from a three to five year prison sentence, because the complaint itself did not give the name of the victim.

At the hearing on the petition the possibility that the state of the petitioner's knowledge as to the name of the child might be significant led to the appointment of a commissioner to inquire into this matter. The petitioner contended that this was an immaterial issue, and raised objections on the grounds of delay of his remedy. As a matter of fact, although the hearing on the petition was held by this Court in Rutland on the tenth of January, 1966, the commissioner completed his work so expeditiously that the matter was ready for disposition at this February term.

Before the commissioner the petitioner interposed numerous evidentiary objections and asserted a claim of attorney-client privilege. As a result, the commissioner was unable to determine whether or not the petitioner in fact knew the name of the child at the time he pleaded to the charge. The commissioner did find as facts the following interchange between the arresting officer and the petitioner while the officer was delivering him to jail after arraignment for want of bail:

The petitioner then stated to Trooper Reed that he "wouldn't bend that low to do that to a little kid."

The Trooper responded by asking, "If you wouldn't do this what was the object of taking her up into the woods."

To this question the petitioner replied that he was, "just going for a walk and she just tagged along."

The petitioner claims that the failure to allege, as a fact in the complaint, the name of the child, is a fatal defect. He says the omission renders the complaint so incomplete and uncertain that it deprives him of the ability to meet the charge, or to successfully plead its disposition in defense of a subsequent prosecution. Since the process is deficient, the petitioner argues that the state of his knowledge is immaterial. As authority for the invalidity of the complaint, he cites case law culminating in *State* v. *Ciocca*, 125 Vt. 64, 72, 209 A.2d 507, which recently held, on appeal, that failure to set out in the information the names of the persons alleged to have been incited to commit a felony by the respondent was a fatal defect, when tested by a motion in arrest of judgment.

Accepting, for the moment, the petitioner's contentions that the rule of the Ciocca case applies to statutory rape, and that the petitioner's knowledge of his victim's name is immaterial, we find that, nevertheless, habeas corpus is not available to him.

To repeat a phrase used by Justice Powers in *Duchaine* v. *Phoenix*, 100 Vt. 112, 114, 135 Atl. 715, "we do not have to look beyond our own decisions to find the rule of law applicable to the case presented by the record." The governing decision for this kind of case is *In re Greenough*, 116 Vt. 277, 75 A.2d 569. The complaint under attack in that case was characterized as defective in form and substance, fatally deficient at common law and under chapter I, article 10 of the Vermont Constitution, and inadequate to reasonably indicate the exact offense so as to enable the respondent to make intelligent preparation for his defense. It would not have withstood either demurrer or motion in arrest of judgment. But, after plea of guilty and judgment thereon, habeas

corpus was unavailing as a remedy. *In re Greenough,* supra, 116 Vt. 277, 281-2.

The denial stems from the right of the prosecutor, on trial, to meet a challenge to sufficiency by amending the complaint. This right applies to both form and substance, *In re Greenough,* supra at 281; and is, in this state, liberally construed. *State* v. *Pelletier,* 123 Vt. 271, 273, 185 A.2d 456.

■ As long as the complaint charges the essential substance of a crime within the jurisdiction of the court concerned, the sufficiency of the facts alleged to constitute such an offense will not be inquired into on habeas corpus. *Mahar* v. *Lainson,* 247 Iowa 297, 72 N.W. 2d 516; cert denied 350 U.S. 1009, 76 S. Ct. 445, 100 L. Ed. 843; rehearing denied 350 U.S. 972, 76 S. Ct. 652, 100 L. ed. 871. As the *Greenough* case, supra, puts it at page 282, "Where the complaint though inartificially drawn, shows an evident attempt to state the essential facts which constitute the crime sought to be charged, a defect in statement will not warrant a discharge." The complaint in this case set out sufficient essentials to clearly demonstrate that statutory rape was the crime charged against this petitioner, and thereby invoke the proper jurisdiction of that trial court.

■ Once this jurisdiction is established, the respondent involved is bound to raise his objections to the proceedings within the framework of regular criminal procedure by demurrer, objection, motion to dismiss, motion for directed verdict, motion in arrest of judgment, appeal, or the like, excepting only unamendable defects which might arise to oust jurisdiction of the trial court. *In re Mears,* 124 Vt. 131, 136, 198 A.2d 27. If the rule were otherwise, habeas corpus would be available instead of the regular proceedings in error, enabling a respondent to seek his release for procedural error, immediately upon judgment of conviction. See *In re Garceau,* 125 Vt. 185, 187-8, 212 A.2d 633. It is this possibility of disruption of the regular criminal process which the *Greenough* case, supra, describes at page 282 as "intolerable."

It is to be noted that this disposition does not require us to pass upon the question as to whether the failure to give the name of the victim in a statutory rape case is a defect of either form or substance. Age and sex are, of course, essential elements, but other jurisdictions have found lack of the victim's name to be only a defect of form, *State ex rel Wenzlaff* v. *Burke,* 250 Wisc. 525, 27 N.W. 2d 475, or no defect at all. *Bush v. United States,* D.C. Mun. App., 215 A.2d 853, 856 (1966).

Similar considerations apply to the issue of the petitioner's actual

knowledge of the name of the child. Although its determination is not necessary in this matter, it is perhaps worthy of remark that it is not universally held that such knowledge is immaterial in habeas corpus proceedings. *Frye* v. *Cunningham,* 205 Va. 671, 675, 139 S.E. 2d 107; *In re Davis Petition,* 141 Mont. 565, 380 P. 2d 880.

*Petition dismissed.*

**Note:** Since Justice Smith was unable to participate in the initial hearing on the petition, he took no part in the consideration of this case.