### State of Vermont v. Everett L. Morse

[ 229 A.2d 232 ]

February Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 4, 1967

*Joseph C. Palmisano,* State's Attorney, for the State.

*Everett L. Morse, pro se.*

**Barney, J.** Although parts of this appeal come to this Court by separate procedures, separately docketed, all of the questions raised are challenges to the validity of the petitioner's confinement at the state prison at Windsor, by sentence of the Barre municipal court. Arising, as they do, out of a single set of prosecutions, it is possible and appropriate to dispose of the issues raised in this one opinion.

The petitioner elected to present and argue his own case before this Court. He had had counsel below, whom he had discharged. He is the same party who represented himself in *Morse* v. *Morse,* 126 Vt. 290, 229 A.2d 228, also argued at this term of Court. The attorney made available to him in that case was present at his side during this argument as well.

The matter began with the arraignment of the petitioner on charges of armed robbery and grand larceny before the Barre municipal court on October 9, 1965. Bail was set, but no plea was taken until two days later when assigned counsel was present. At that time pleas of not guilty and not guilty by reason of insanity were entered. He was committed to Waterbury State Hospital, examined, and found sane.

On October 29, the petitioner again came before the Barre municipal court, together with his counsel, withdrew his not guilty pleas and entered pleas of guilty. The presiding judge, prior to sentencing, asked the probation officer for a pre-sentence report. Since a written report was not then ready, the probation officer responded orally, in open

court and in the presence of the petitioner and his counsel. His statements were recorded by the court reporter at the direction of the court. After this report, and statements by petitioner's counsel and the state's attorney, the judge imposed sentence, accepting the two to four year term urged by petitioner's counsel, rather than the four to six year recommendation of the state's attorney.

Some months previously, the legislature had enacted 28 V.S.A. §1008, which, for the first time, required a written pre-sentence investigation before sentencing in felony cases. In the light of this requirement, the petitioner, with a new attorney, sought post-conviction relief before the Washington County Court. After hearing, outright release was denied, but the sentence was vacated and the petitioner remanded to municipal court for resentencing, following the furnishing of a written pre-sentence investigation.

This proceeding having taken place on April 22, 1966, and the written report having been available since November 5, 1965, a week after the sentencing, new proceedings in municipal court went forward on May 9, 1966. At that time, petitioner, through his counsel, moved to withdraw his pleas of guilty, and claimed the right to a copy of the written pre-sentence investigation. The court ruled against him on both issues, and then imposed the identical sentence originally given, with full credit for time previously served. Notices of appeal were filed from both this and the county court adjudication.

In addition, petitioner, on his own behalf and without counsel, brought a new petition to Washington County Court seeking vacation of the sentence most recently imposed. The three new issues raised by this document are, first, that the remand from county to municipal court was unauthorized and illegal; second, that the resentencing placed the petitioner twice in jeopardy in violation of his constitutional rights; and, lastly, that the original prosecution was irregular and unconstitutional because the complaint was verified only by the state's attorney on his oath of office rather than by a finding of probable cause by a magistrate. The county court refused to vacate the new sentence, and this, too, was appealed by the petitioner.

Going first to the issue of the validity of the original complaint, as verified by the state's attorney, recently declared law of this Court has decided the matter contrary to the position of the petitioner. *In re Davis,* 126 Vt. 142, 224 A.2d 905. Further restatement would serve no purpose. No constitutional infirmity, applicable to the situa-

tion of this petitioner, has been shown. *In re Morris,* 126 Vt. 297, 229 A.2d 244.

■ Nor was the remand from county court to municipal court improper. The significant portion of 13 V.S.A. §7133, under which the county court was authorized to grant relief, reads:

If the court finds that the judgment was made without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to make the judgment vulnerable to collateral attack, it shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

It must be kept in mind that the difficulty found by the county court was not that there was anything illegal about the sentence imposed, but only that a statutory prerequisite to the procedure of sentencing had been omitted. In effect, a written pre-sentence investigation was to be put into the proceedings in place of the oral report actually made, in order to comply literally with the language of 28 V.S.A. §1008.

With a plea of guilty on record, procedurally, the hearing on sentence was the only "trial" or adjudication involved. After vacating the old sentence, the county court could, under the statute, appropriately remand for a rehearing on sentence that would fulfill the requirements of 28 V.S.A. §1008. With, of course, some variations in procedures, other jurisdictions, including the federal, permit such corrective action. See 22 C.J.S. Criminal Law, §273, p. 706; 21 Am. Jur. 2d Criminal Law, §572, pp. 539-40.

■ The prohibition against double jeopardy is not violated by this resentencing. Cases noted in the cited sections of both of the reference works just mentioned express this as the law. Basically, this is no new proceeding, but a continuation of the original matter for purposes of correction. The error was asserted by the petitioner and the matter has been reopened for curative action at his demand. If he could simultaneously claim error and raise the bar of double jeopardy against an appropriate corrective hearing, a respondent claiming and establishing error, qualifying him for a new trial, would then become immune from prosecution on the crimes charged in that

case. This would be contrary to the public's interest in evenhanded justice and a perversion of the concept of a trial fair for both those criminally charged and the people of Vermont.

■ When before the Barre municipal court for the second proceeding, the petitioner sought to withdraw his plea of guilty. His attorney appropriately saved the question when permission was denied. Although this issue was not raised in the petitioner's brief, it was in his oral argument. This failure to brief would be sufficient to bar consideration in this Court. *Griffin* v. *Griffin,* 125 Vt. 425, 439, 217 A.2d 400. But no error has been demonstrated, in any event.

■■ Permission to withdraw a guilty plea is granted as a discretionary matter, and usually must be sought before sentencing. *In re Newton,* 125 Vt. 453, 457, 218 A.2d 394. This request was made before resentencing, but after the petitioner had already served about six months of his original sentence. The term imposed was not misrepresented to him, or unexpected, since it was measured by the recommendation of his own counsel. There was no evidence of misunderstanding, no mistaken reliance, and no objection interposed at the time. The circumstances were almost an exact opposite of the *Newton* case, *supra,* and the court's discretionary ruling on the question is unassailable.

■ The discretion of the municipal court is likewise involved in the petitioner's contention that he should have been furnished a copy of the written pre-sentence investigation. Here a misunderstanding must be cleared up. At the county court hearing the presiding judge orally referred to, "copies furnished to all parties." When the written order issued over the signatures of the full court this phrase did not appear. Whether the court, upon reflection, felt a requirement that copies be furnished would be an unauthorized restraint on the municipal court's discretion, or unwise as a matter of policy, or whether the use of the phrase was an inadvertence, need not occupy us here. The written order, executed by the full court, governs. *Hall* v. *Hall,* 124 Vt. 410, 412, 206 A.2d 786.

■■ Thus, the burden is on the petitioner to show that the municipal court abused its discretion in refusing to provide him with a copy of the written pre-sentence investigation at the time of resentencing. He must make this showing in the face of the fact that he

had already had the benefit of the oral pre-sentence report, made in his presence. He made no challenge at that time as to its form or content. He can show no disadvantage, since the sentence imposed was based on the recommendation of his counsel. In short, nothing by way of abuse of discretion appears, and the ruling cannot be overturned on that ground. *State* v. *Mahoney*, 124 Vt. 488, 490, 207 A.2d 143.

We also understand the petitioner to be assailing the court's private use of the probation officer's report as improper as a matter of law. He invokes the language of Chapter I, Article 10 of the Vermont Constitution, and of the Sixth Amendment of the United States Constitution, both of which entitle him to be confronted with the witnesses against him. It is perhaps a complete answer to point out that this guarantee, in both constitutions, is specifically related to criminal prosecutions, trials where the guilt or innocence of an accused is at issue. It accompanies the right to trial by jury there, and is of equivalent scope. Neither of these vital rights are essential ingredients in the determination of proper punishment by the court.

Indeed, the whole body of the law of evidence, from admissibility to cross-examination, is intended and designed for, and relevant to, jury trials. Concern for constitutional standards in the trial aspects of juvenile proceedings before a judge sitting without a jury, has led to the application of such rules of evidence there, also, *In re Lee*, 126 Vt. 156, 224 A.2d 917. For an excellent discussion of the area in which traditional rules of evidence are dispensable, see 1 Wigmore, Evidence, 14-43 (3d ed. 1940). It is pointed out at page 25 of that work that the inquiry of a sentencing judge is not limited to the rules applicable to a jury trial. It is not the sort of proceeding in which the cited constitutional provisions are relevant.

The United States Supreme Court has confirmed this view in *Williams* v. *New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 93 L.ed. 1337. The Court said:

A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing

punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence applicable to the trial.

In this opinion we have undertaken to reach the substance of each issue we understood to be raised by this petitioner, even though some were vulnerable to procedural attack. Whether other issues or another result could have been convincingly advanced by professional representation, we cannot know. The petitioner elected, in the presence of an offer of counsel, to conduct this litigation personally. He must accept the results. *Richardson* v. *Persons,* 116 Vt. 413, 414, 77 A.2d 842.

*The judgments of conviction and sentence are affirmed, and the confinement of the petitioner under them is adjudged legal. The denial of the motion to vacate the present sentence is affirmed.*