### In re Elaine Baldwin, and Sharon Baldwin

[ 238 A.2d 656 ]

December Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 6, 1968

■

*Alan W. Cheever,* Assistant Attorney General, for the State.

**Smith, J.** This is an appeal from the Essex County Court's denial of a petition for a Writ of *Habeas Corpus* brought by Charles Baldwin, the father of Elaine and Sharon Baldwin, minor daughters of said Baldwin and his wife. The findings of fact of the Essex County Court, to which no exceptions were taken, disclose the following factual situation.

The petitioner, at the time he submitted his petition for a Writ of *Habeas Corpus* to the Essex County Court in April, 1967, as well as at the time hearing was held on the petition in said court on July 24, 1967, was incarcerated in the State Prison at Windsor, Vermont, on his plea of guilty to a lewd and lascivious act or acts committed on one of his daughters, a subject of these proceedings. At the hearing on July 24th, the petitioner was represented by competent counsel appointed by the court.

The minor children, whose custody is here involved, were temporarily committed to the Department of Social Welfare for a period of not more than sixty days by an order of the Juvenile Court of Essex County on March 15, 1966. This order was consented to by Mrs. Baldwin, the mother of the two girls, after a hearing in the Essex Municipal Court. Mr. Baldwin, the appellant here, was not present at such hearing by reason of the fact, as his appeal states, that at that time he "was lodged in the Essex County Jail, charged with a felony involving above mentioned daughters." No notice was given the petitioner of the hearing that resulted in this temporary commitment of his daughters to the Department of Social Welfare.

However, a further hearing was held on May 12, 1966 in the Juvenile Court of Essex County to determine the future custody and welfare of Elaine and Sharon. Prior to this hearing, notice was duly given of the time and place of such hearing, not only to the various state and town authorities concerned with the welfare of the two children but to both Mr. Baldwin and his wife. The record before us shows that at the hearing of May 12, 1966, the petitioner, as well as his wife, was actually present, and that they were represented by counsel. While Mrs. Baldwin, the mother of the two minor girls was a witness at the hearing, the petitioner did not testify.

Following the hearing of May 12, 1966, the two minor daughters of the petitioner were ordered committed to the Department of Social Welfare.

The appellant contends that as the father of Elaine and Sharon he was their natural guardian, and that the custody of these children was taken from him in violation of due process of law, in that he was denied the opportunity of being heard in the proceedings held in the Juvenile Court of Essex County relative to the custody and commitment of his daughters.

It is not disputed, and the court below found, that the appellant received no notice of the hearing held in the Juvenile Court on March 15, 1966, and that he was not present at the informal hearing held on that day, but whatever may have been the rights of the petitioner to have been notified of the pending hearing on March 15, 1966, and to have been present when such hearing was held, any deprivation of constitutional rights suffered by the appellant by virtue of the order of March 15th of the juvenile court is not of importance in these proceedings.

The order of March 15, 1966 was a temporary one, in which the children here involved were committed to the Department of Public Welfare for 60 days. At the time this appellant filed his petition for a Writ of *Habeas Corpus* on April 12, 1967, and at the time of hearing in the Essex County Court on said petition, the temporary order had long since expired. At all times material under the petition of the appellant, the children were in the custody of the Department of Public Welfare, and removed from the custody of the appellant, by virtue of the order of the Juvenile Court for Essex County following the hearing of May 12, 1966, which was the permanent order granting custody of the children.

The temporary custody of the minor children under the order of March 15th was made at a hearing at which the petitioner was not present, or represented by counsel. But such order of custody was only a temporary one, and was made pending final disposition of the case.

In view of the petitioner's imprisonment at the time of the March 15th hearing, charged with a felony involving the same two minor children, an emergency situation had developed concerning the welfare of the two little girls.

■ The Essex County Juvenile Court, confronted with this situation calling for immediate action, was justified under 33 V.S.A. Sec. 612, in providing for the interim care of the two children without a strict compliance with the notice requirements appertaining to final disposition. Any deficiency in the lack of notice to the petitioner of the temporary hearing could be cured by the subsequent plenary hearing by the Juvenile Court on May 12, 1966.

■ Remaining for our determination is the propriety of the proceedings in the Juvenile Court on May 12, 1966. The findings of fact and the records before us establish unequivocally that the petitioner received notice on May 10, 1966, of the hearing to be held on May 12, 1966. Petitioner, as well as his wife, who was a witness at the hearing, were both present in the court during the hearing and were represented by counsel. There was a full opportunity for the petitioner to confront the witnesses who testified on that occasion, as well as the opportunity of cross-examination. Neither petitioner nor his counsel gave any indication at such hearing that inadequate notice had been given to the petitioner of such hearing, or that he had been unable to prepare his defense, which procedure should have been followed to sustain any claim of the loss of such rights. *In re DeCelle*, 125 Vt. 467, 469, 218 A.2d 714.

■ The petitioner has cited to us the case of *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, in support of his contention that he was deprived of his constitutional rights in the Juvenile Court hearing on May 12, 1966, concerning the custody of his two daughters. *Gault*, however, involved a criminal proceeding against a juvenile respondent, and a claimed lack of adequate notice of the hearing to the juvenile and his mother so that the juvenile and his guardian had in-

sufficient time to prepare a defense or to be represented by counsel at such hearing.

In the instant case the hearing was not a criminal charge against the two minors involved, but one to determine in whose care the two little girls should be placed in the best interests of their future welfare. The petitioner here had full and sufficient notice of the hearing to be held, he was present at the hearing with counsel, and had full opportunity to present evidence and cross-examine witnesses who gave their testimony at the hearing. The holdings in *In re Gault, supra,* have no application here.

*The entry is "Judgment Affirmed."*