# State of Vermont v. Joseph W. Cabrera
[ 243 A.2d 784 ]

April Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 4, 1968

194

*Patrick J. Leahy,* State's Attorney, for the State.

*John H. Bloomer, Esq.,* for the Defendant on appeal.

**Barney, J.** This respondent was convicted as a principal in the magnificently inept criminal episode recited in *State* v. *Barr,* 126 Vt. 112, 223 A.2d 462. He raises five issues which we will take up separately.

He first complains that the prosecution should have been instituted by grand jury indictment, rather than by the state's attorney's information actually used. However his point is not the one raised in *State* v. *Barr, supra,* 116-117, 223 A.2d 462, in which the grand jury requirement of the Fifth Amendment of the United States Constitution was sought to be invoked in a state proceeding, but denied. It derives directly from state law.

The authority of a state's attorney to prosecute by information is limited to crimes not punishable by death or by imprisonment in the state's prison for life. 13 V.S.A. §5652. Beyond that limit, grand jury indictment is required. The crimes with which this respondent was charged were not punishable by death or imprisonment for life. But 13 V.S.A. §11 permits the state to seek a life sentence on a felony charge following conviction of three felonies. This was a potential applicability in this respondent's situation, and is the basis of his claim.

However, this provision was not available to the state unless appropriate notice of that intent was given, by process, to the

respondent, just as such notice must be given in other cases where repeated offenses may increase the penalty. *State* v. *Cameron,* 126 Vt. 244, 249, 227 A.2d 276. Since, on that account, the life sentence option was not open in this case, the provisions of 13 V.S.A. §5652 did not bar the state's attorney from proceeding by information. This same issue was raised by the respondent in a separate habeas corpus petition, and its disposition is controlled by the decision on this issue made in this case.

■ In connection with this appeal the respondent has filed an affidavit which he claims supports his contention that he was handicapped in his exercise of his right to counsel. That affidavit forms no proper part of the record on appeal and is not before us. To avoid misunderstanding, certain comments may be appropriate, however. The record shows the respondent to have been represented by assigned counsel at all times before the county court, as well as in preliminary proceedings before the municipal court. He was never prevailed on to change his not guilty plea, and went to trial with counsel of his choice. No statements, admissions or confessions of his, if such existed, were introduced against him, nor were any of his material possessions, taken from him while he was in custody received in evidence against him. At his request, after trial, new counsel was assigned and has prosecuted this appeal. There is no showing in the record of the slightest prejudice, but rather, a scrupulous regard for his rights, including the right to counsel, was evidenced at all times by the county court.

■ The respondent claims prejudice because of the delay between the time he was taken into custody and the date of his trial. This right is personal to the respondent and requires some kind of timely assertion, particularly, where, as here, the accused had counsel. *State* v. *Mahoney,* 124 Vt. 488, 491, 207 A.2d 143. The record discloses no motion, at any time, in the lower court asking to bring the matter on for trial or seeking dismissal for want of prosecution. On the other hand, as in the *Mahoney* case, *supra,* counsel for the respondent sought to delay trial on occasion, contrary to the wishes of the trial court, but for legitimate purposes, such as taking depositions. The implementing of the respondent's request for particular counsel also had the effect of delaying matters, in the face of rather strong pressure

by the court to bring the matter to trial. His claim of prejudice is not sustained by the record.

In connection with this claim the respondent alleged that the prosecutor used the entry of nolle prosequi as a device to prolong his custody and delay the trial. Let it be unmistakably clear that this Court does not in any way condone such practices. But an examination of the record is persuasive that this was not the circumstance here. Moreover, it is the obligation of the respondent to establish the impropriety, and he has not done so.

The respondent asks us to find error in the reception of a witness's answer that suggested that he might have had other and previous difficulty with the law. His claim of error in this Court is undermined by the complete absence of any objection interposed to the testimony· or any motion to strike it. Experienced counsel for the respondent appears to have let the answer go in without underscoring it by asking for correction, or seeking to explain it on cross-examination. Whatever the basis for the decision, it binds the respondent and bars the claim of error. *State* v. *Hood*, 123 Vt. 273, 277, 187 A.2d 499, 11 A.L.R.3d 732.

The respondent received a longer sentence after conviction than did his compatriots, some of whom pleaded guilty. He cites this as indicating that he was unjustly penalized for resorting to his constitutional right of trial by jury. He does not otherwise support this claim.

Sentences are imposed with regard to the situation and nature of the offender, as well as according to the crime charged. To that end the legislature has made it a requirement that in all felony cases a presentence investigation be conducted and submitted to the court before sentence is passed. 28 V.S.A. §1008. That was done in this case.

The county court, in the discussion relative to sentence, expressed concern about the violent nature of the crimes of which the respondent was convicted, and took his previous record into account, as it properly could. In actually imposing sentence, the recommendation of long imprisonment made by the state's attorney was nearly halved. Nowhere is it made to appear that the resort to jury trial by the respondent played any prejudicial part, and we will not presume it did.

The final point made by the respondent relates to the propriety of his arrest without warrant. This does not refer to the arrest which

gave the court jurisdiction to try him on the charges of which he was convicted. As to those, he was arrested on a warrant issued in connection with a state's attorney's information. No question is raised here as to the validity of that procedure.

His attack relates to the arrest by which he was first taken into custody. The testimony of the arresting officer does not reveal whether that arrest was made with or without a warrant. An objection was interposed early in the examination, and the discussion at the bench suggests that that officer probably did not have a warrant in his possession at the time. Further examination of the witness was abandoned, and the facts as to the propriety of the original arrest were never subsequently explored.

██ As a consequence, the trial court excluded all evidence associated with the respondent's arrest and police custody. The admission of the clothing he was wearing when arrested, and even the police photographs, was barred. The question of admission or rejection of any statements, admissions or confessions did not arise, since none were offered, if, indeed, any were obtained. On this state of the evidence, the validity of the original arrest became a mere irrelevancy. There were no "fruits of the poisonous tree" infecting the trial, since there has been no showing that any evidence against the respondent was procured and admitted consequential to that arrest, be it legal or illegal. On this issue the respondent is in the position of complaining about rulings that were not only correct, but favorable to him. See *Hall* v. *Hall,* 124 Vt. 410, 413, 206 A.2d 786.

Error has not been demonstrated.

*Judgment affirmed.*