### In re Raymond N. Provencher
[ 255 A.2d 180 ]

April Term, 1969

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 3, 1969

*Joseph W. Kozlik, Esq.,* for the Petitioner.

*Robert I. Tepper,* State's Attorney and *Peter A. Cady,* Assistant State's Attorney, for the State.

**Barney, J.** The petitioner is under sentence and in confinement for escape from jail. He pleaded guilty to the offense, but now, by the postconviction relief petition, questions the lawfulness of his confinement. After hearing, having found the facts, the lower court denied the petition.

The fact of the escape from jail is not questioned. Instead, the petitioner argues that his breakout was justifiable, or at least excusable. He seeks invalidation of his conviction and release from confinement on the gounds that his detention at the time of his escape was itself illegal.

As is the case in so many areas of judicial review, the simplicity of the problem presented is superficial. The consequences of uncritical application of judicial catchphrases is frequently injustice to the parties, or an aberrant decision, or both. The tempting answer in this case is to say, without reservation, that the plea of guilty to escape ends the matter as to issues appropriate for appeal. See *In re Dobson,* 125 Vt. 165, 166, 212 A.2d 620. Although that case arose under the classical *habeas corpus* proceeding, rather than the postconviction statute invoked here, the substantive considerations are essentially the same. *In re Clark,* 127 Vt. —, 255 A.2d 178. The authority of the courts to examine into the legality of the sentence, the jurisdiction of the sentencing court and the constitutionality of the proceedings is set out in 13 V.S.A. §7131.

The *Dobson* approach is grounded in the concept of waiver. The policy consideration is put forth in its statement that a respondent ought not to have the benefit of a more complete review after pleading guilty than he would have after a complete trial. *In re Dobson, supra,*

125 Vt. 165, 166, 212 A.2d 620. This is manifestly true and just with respect to the lesser shortcomings that pester most proceedings without substantively wronging a respondent. Furthermore, typically, the appellate court does more reviewing than it is required to do, or than it says it will. See *State* v. *Kalis,* 127 Vt. 311, 248 A.2d 721, 722.

In spite of these considerations, there is one kind of situation which requires further definition. Particularly where more serious crimes are charged, if the consequences of a guilty plea are held to comprehend a waiver of all defects subject to waiver, a respondent may be driven to stand trial in order to preserve for review an issue essentially legal in nature. This dilemma has received recent attention. See ABA Standards, Criminal Appeals, §1.3(c) and commentary thereto (Tent. Draft, March 1969).

■ Vermont is fortunate and forehanded in having already available legal machinery for testing such legal questions in advance of trial within its criminal procedure. 12 V.S.A. §2386. Thus, challenges to criminal proceedings resting on questions of legal sufficiency or propriety do not require a full-dress trial in order to have such issues reviewed. Futhermore, the broad availability of counsel for indigent respondents in this state, under 13 V.S.A. §6503 and the associated court rules, justifies the insistence on compliance with procedural requirements fairly set out by this Court.

Therefore, claimed defects appropriate for raising by pre-trial motion should be preserved by such a motion. They are then available for testing by certification if their nature and content warrants. Failure to carry through this procedure will justify a holding by the court concerned that a plea of guilty operates as a waiver of those claims of error subject to waiver.

■■ The respondent who fails to comply with this precedural approach exposes himself to the allegation of waiver, and must, in the usual case, abide that consequence. But the scope of review in post-conviction relief is broad, and its concerns include the exercise of discretionary powers by courts. See *State* v. *Morse,* 126 Vt. 314, 320, 229 A.2d 232. On that account, the courts may reserve the right, in any case, to review the application of this doctrine of waiver on plea of guilty. Certainly this will be true during the period when the requirements of this case are becoming a matter of known and understood practice. And it must always be true where the manifest wrong

or injustice in the situation overbears any justification for relying on rules giving binding jural significance to the failure to press a legal issue.

For just such considerations, we will review, in this postconviction proceeding, the question raised, although it should hereafter be made a matter of pre-trial, pre-plea, disposition. The procedural techniques referred to in this opinion are not new or unique, but the consequences of their application or omission are more precisely defined herein. Since the dissemination of judicial decisions tends to an uncertain effective date, the option to allow review of questions, properly considered waived under the doctrine of this case, will initially be liberally exercised.

In this case the petitioner would excuse his jail break on the basis of claimed defects in his original apprehension and continued confinement. His imprisonment began, when, after two hours detention in the custody of the Rutland City Police, he was charged on a state's attorney's information as an accessory to an attempted fraud, arraigned on a not guilty plea, bail set and ordered to jail when bail was not furnished. He was thereafter assigned counsel, whose services continued up through his ultimate transfer to prison under sentence based on his guilty plea.

During a fifty-five day period between his original arrest and his escape from jail it apparently came to light that this petitioner had pending numerous unresolved conflicts with the law. Within two weeks of his original commitment several new charges were lodged against him, including a charge of being a fugitive from justice from the State of Maine. Not guilty pleas were entered and the original bail of $4000 was continued for all of these cases. The lawful basis for his restraint pending trial on any or all of these charges is fully established. *State* v. *Malloy*, 54 Vt. 96, 100.

The findings disclose that the petitioner initiated the idea of a guilty plea to the escape charge, and that it was entirely voluntary on his part. He was, at all times, fully informed as to his rights. Although he now makes claim of a deprivation of his right to a speedy trial, no action of his during this period by way of seeking immediate trial or even reduction in bail has been evidenced. This right is personal to the respondent-petitioner, and, where he had counsel, requires timely assertion. *State* v. *Cabrera*, 127 Vt. 193, 195, 243 A.2d 784.

In these circumstances we cannot accept a contention that the possibility of some technical shortcoming, or even of acquittal by a jury, gives rise to a right, by force, to break free of the custody of the law prior to any adjudication of such issues. The basic postulate that we are governed by rule of law requires that we recognize its authority, and recognize likewise our duty to challenge its application by resort to proper judicial proceedings, not self-help. This prisoner had counsel, was not kept out of contact with his attorney or the outside world, was free to apply for a reduction of bail or to test his imprisonment by *habeas corpus* proceedings. No legal basis for barring his punishment for his admitted escape appears.

"It is no answer for him to urge, as he does, that his desire for liberty constrained him to flee, for, however strong that desire, it was still his duty to submit himself to the restraints of the law." *State* v. *Wright,* 81 Vt. 281, 285, 69 A. 761.

*The judgment denying the petition to vacate sentence is affirmed.*