## In re Paul H. Dussault

[259 A.2d 776]

No. 44-68

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 2, 1969

*Lawrence Miller*, Rutland, for Petitioner.

*James M. Jeffords,* Attorney General and *Alan W. Cheever,* Montpelier, for the State.

**Barney, J.** This is a post conviction proceeding. The respondent was a companion of Raymond Provencher in the criminal episode referred to in *In re Provencher,* 127 Vt. 558, 255 A.2d 180, and escaped from jail with him. He is now in confinement under concurrent sentences resulting from two pleas of guilty and a plea of *nolo contendere* to charges related to the fraudulent use of checks, and also a consecutive sentence based on a guilty plea to escape. Counsel was timely assigned and represented him at the time the guilty pleas were entered by the respondent in person.

His petition to be relieved of the consequences of his pleas was heard below and findings of fact made. Relief was denied and the issues are here for consideration by this Court.

■ ■ When a guilty plea has been unfairly induced through ignorance, fear or misunderstanding, the appropriate remedy is to make timely application to vacate the plea and be permitted to stand trial. *In re Garceau,* 125 Vt. 185, 187, 212 A.2d 633; *In re Baldwin,* 127 Vt. 437, 252 A.2d 539, 540. As both of these cases point out, a plea of guilty is conclusive and binding if voluntarily made after proper advice and with a full understanding of its consequences. *Petition of Dusablon,* 126 Vt. 362, 365, 230 A.2d 797.

■ ■ The respondent raises issues concerning the legality of his initial detention and of the later search of his car. The ultimate jurisdiction of the trial court derives from a formal arrest on a regularly issued warrant. In this connection, since nothing derived from the detention or search, they have no relevance as independent errors claimed to invalidate the proceedings. *State* v. *Cabrera,* 127 Vt. 193, 197, 243 A.2d 784. Furthermore, in that case, those issues were available because it was a regular appeal from a conviction after trial. We have already held that such issues are not ordinarily for consideration as part of post-conviction proceedings. *In re Clark,* 127 Vt. 555, 255 A.2d 178, 180; *In re Provencher, supra,* 127 Vt. 558, 255 A.2d 180, 181–2.

However, we recognize they are being urged here principally as part of a claim of inadequate representation by his court appointed attorney. The trial court hearing the petition below found assigned counsel to be competent and able, and further found that he protected the rights of the petitioner at all times. Against this finding the respondent points to claimed irregularities in his arrest and detention, and to flaws in various of the complaints filed against him. He contends that his counsel's failure to take advantage of these shortcomings amounted to inducing him to plead guilty ill advisedly.

The exercise of judgment by an attorney in these situations is seldom easy to evaluate. However, some aid is available through consideration of the nature of the claims of error and their probable consequences. It has already been ruled that the claims of illegal detention and search, even if valid, were not necessarily bars to a valid conviction under *State* v. *Cabrera, supra,* 127 Vt. 193, 197.

■ The claimed defects in the various complaints are similarly unlikely avenues for discharge. That such defects will not support a post-conviction petition is clear from *In re DeCelle,* 125 Vt. 467, 469, 218 A.2d 714.. Further, it must be considered to be known to practicing attorneys working in the field of criminal law that the right of amendment of a complaint by the prosecutor in this state is both broad and liberally construed. *In re DeCelle, supra,* 125 Vt. 467, 469. From the standpoint of an attorney advising a client of his rights on a plea, the fundamental question is the effect of insisting on procedural particularity on the possibility of ultimate conviction or discharge, and on sentence, not on the possibility of some temporary trial advantage. Viewed in this light, it cannot be said that the complaints of the respondent against his trial attorney have substance sufficient to overturn the lower court's finding of competency and adequate representation.

■ The claim that his plea was the result of duress or coercion on the part of the police, the prosecutor or the court stands no better. The lower court found no evidence to support his naked assertion, first raised long after sentencing by this petition, that he was under some duress. The pleas of guilty were made by the respondent in person, with his counsel present. The record shows that the district court judge presiding

took particular care to inquire as to the respondent's understanding of the consequences of his pleas. In response to specific inquiry by the judge the respondent acknowledged his plea to be voluntary. The proceedings at which the pleas were entered came about because the respondent executed a written petition to be allowed to enter pleas of guilty and waiving further proceedings. All of the records of the original proceedings bely his present claim, and support the findings of the lower court. Other than the claims of the respondent, no contrary evidence was introduced, and the judgment of the lower court must stand.

*The order denying the petition to vacate sentence is affirmed.*