## In re  Raymond J. Myers

[287 A.2d 565]

Nos. 105-70, 67-71 and 68-71

Present: Shangraw, Barney, Smith and Keyser, JJ., and Daley, Supr. J.

Opinion Filed February 1, 1972

*Neil S. Moss*, State's Attorney for Plaintiff.

*Langrock & Sperry*, Middlebury, for Defendant.

**Barney, J.** The respondent pleaded guilty to three felony charges in Bennington County Court and was thereupon sentenced to a term of not less than four to not more than six years in state's prison. After the sentencing, the presiding judge remarked that if the respondent behaved he would be eligible for parole after serving one-third of his minimum sentence.

This comment was incorrect since the governing statute at the time, 28 V.S.A. § 252, operated to qualify an inmate for parole only after at least two-thirds of the minimum sentence had been appropriately served. That has now happened, and this respondent has, in fact, been paroled.

Previous to his release on parole, he filed petitions under 13 V.S.A. § 7131, asking that his minimum sentence be amended so that he might be eligible for parole as the sentencing judge stated. These petitions were consolidated for hearing, and relief denied below. It is apparent that he has

now received, without the intervention of this Court, the relief requested in his petitions. In that sense, his case is now moot. *State* v. *Knox*, 126 Vt. 170, 171, 224 A.2d 924 (1966). Therefore, we will reach only those issues which deal with the validity of his detention beyond the first one-third of his minimum sentence.

In so doing, we will assume that his allegation that he has been of good behavior is well founded. As has been pointed out, the computation of "good time" for parole purposes was governed by statute. 28 V.S.A. § 252. The presiding judge had no authority to overturn or amend this statutory directive but, on the contrary, was bound by it, irrespective of whether he merely misspoke it or misconstrued it.

Furthermore, there is, and, in this case, can be, no showing that this statement by the judge was, in any way, an inducement to the respondent's plea of guilty. It came after the respondent had both determined to plead to the charges and, in fact, done so. He could not have been misled, neither could he have relied on it when acknowledging his guilt.

All this being so, we affirm the conclusion of the court below that the statement was gratuitous and not binding with respect to the disposition of the respondent's minimum sentence.

The formal shortcomings in the informations, also claimed by the respondent, if they are such, come within the rule of *In re DeCelle*, 125 Vt. 467, 468–69, 218 A.2d 714 (1966), and the pleas of guilty are a barrier to post-conviction relief in such cases. See *In re Garceau*, 125 Vt. 185, 188, 212 A.2d 633 (1965).

*Judgment affirmed.*