## In re Eugene F. Lovejoy

[309 A.2d 926]

No. 130-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 2, 1973

*Allen F. Gear, Esq.,* Burlington, for Plaintiff.

*Patrick J. Leahy,* State's Attorney, for the State.

**Daley, J.** On March 24, 1972, the appellant, Eugene F. Lovejoy, entered a plea of guilty to two charges of first degree arson, in violation of 13 V.S.A. § 502, in the District Court of Vermont, Unit No. 2, Chittenden Circuit. Judgment was entered on the plea, and the appellant was sentenced to the Vermont State Prison at Windsor, Vermont, for a term of not less than six years nor more than ten years.

On May 30, 1972, the appellant filed a petition for review pursuant to 13 V.S.A. chapter 221, subchapter 4 (§§ 7131–7137), with the Chittenden County Court alleging—"Petitioner's plea of guilty was not of his own free will and act but a forced plea to deny him his Constitutional right to a fair trial by jury." After hearing, the county court concluded:

"1. That the Plaintiff was never coerced into pleading guilty to the charges herein by Attorney Jenkins, Judge Costello, the State's Attorney, or any other person connected with said trial.

2. That the Plaintiff's . . . plea was voluntary and done with full knowledge and understanding.

3. That the Plaintiff's constitutional rights, both from the viewpoint of the United States Constitution and the Vermont Constitution were fully and adequately protected in this cause."

Hence, the county court dismissed the appellant's petition for review. From that dismissal, the appellant appeals to this Court. See 13 V.S.A. § 7135.

The facts as shown on the record are as follows: On the third day of trial on one charge of first degree arson, counsel for the appellant entered into plea negotiations with the state's attorney. The result of these negotiations was that the appellant was to plead guilty to the charge of first degree arson for which he was on trial and one additional charge of first degree arson pending against him. The state's attorney would then make an entry of *nolle prosequi* on eight other charges of first degree arson pending against the appellant. After being informed by his counsel of the result of these negotiations, the appellant rejected the terms of this "plea

bargain". The trial of the State's case again resumed for additional testimony to be taken. A recess was then called, at which time the appellant and his attorney continued their conversation concerning plea negotiations. Following these conversations, the appellant requested the court for permission to withdraw his plea of not guilty and enter a plea of guilty on the charge for which he was then on trial and one additional charge of first degree arson.

The appellant alleged in his petition that the plea of guilty entered by him on the two charges of first degree arson was the result of coercion on the part of his counsel, the state's attorney, and the trial court. The issue of coercion was the subject of conflicting testimony. The county court made findings upon this conflicting testimony that the element of coercion as claimed by the appellant did not exist. The court also found that the constitutional rights of the appellant from the viewpoints of the United States and Vermont Constitutions were fully and adequately protected in the proceeding. The findings of the county court are not here challenged and support the conclusion made by the court that the appellant was never coerced into pleading guilty. *In re Mossey*, 129 Vt. 133, 139, 274 A.2d 473 (1971).

The principal claim for relief made by the appellant is that at the time he entered his plea of guilty, he was not explicitly advised of his constitutional right against self-incrimination. The failure to so advise him, he argues, amounts to reversible error, citing *Boykin* v. *Alabama*, 395 U.S. 238 (1969).

However, this argument was not advanced by the appellant in his petition for review before the county court. Since we will not put a lower court in error on an issue not raised below, the appellant cannot prevail here. *Town of Manchester* v. *Cherbonneau*, 131 Vt. 107, 111, 300 A.2d 548 (1973); *State* v. *Bresette*, 130 Vt. 321, 322–23, 292 A.2d 817 (1972).

Furthermore, where the change of plea takes place in the midst of a trial, the appellant's necessary awareness of his rights derived from that fact is for our consideration. The determination of whether or not the appellant was aware that he was waiving his right against self-incrimination is not limited solely to a search of the transcript. See *State* v.

528

*Darling,* 109 Ariz. 148, 506 P.2d 1042 (1973). However, an on-the-record examination by the trial court demonstrating the full understanding of the defendant of the significance and consequences of the guilty plea, and establishing that the plea was intelligently, knowingly, and voluntarily made, will usually avoid the raising of such issues. *State* v. *Bugbee,* 161 Conn. 531, 290 A.2d 332, 334 (1971). See also Rule 11 of the Vermont Rules of Criminal Procedure.

Reviewing the record of events that have culminated in this appeal, we must say that the county court's conclusions, that the constitutional rights of the appellant have not been infringed and the appellant's plea of guilty was made voluntarily, knowingly, and understandingly, have not been impeached.

*Judgment affirmed.*