### In re Kevin McMorrow

[346 A.2d 218]

No. 5-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed October 7, 1975

*Robert Edward West, Esq.,* Defender General and *Charles S. Martin,* Appellate Defender, Montpelier, for Petitioner.

*Robert W. Gagnon, Esq.,* Washington County State's Attorney, for State.

**Billings, J.** On August 15, 1972, the defendant, Kevin Mc-Morrow, entered pleas of nolo contendere to the charges of aggravated assault in violation of 13 V.S.A. § 1024 and making disturbing phonecalls in violation of 13 V.S.A. § 1027.

On October 5, 1972, the defendant was sentenced to a term of not less than two years nor more than five years on the aggravated assault complaint, and a term of three months on the disturbing phonecalls complaint, the latter sentence to be served concurrently with the first sentence imposed; and thereupon the defendant was committed to the Commissioner of Corrections.

On May 17, 1973, the defendant filed a petition for review pursuant to 13 V.S.A. §§ 7131–7137 with the then Washington County Court, seeking to collaterally attack the sentences imposed. The defendant's request for relief was denied, except for the allowance of credit toward his sentence for time served for lack of bail prior to sentencing, and from said order, the defendant now appeals to this Court. 13 V.S.A. § 7135.

The defendant, for the first time, now raises the issue that his plea of nolo contendere was not intelligently, knowingly, and voluntarily made, and hence was in violation of his constitutional rights. *Boykin* v. *Alabama,* 395 U.S. 238 (1969). Although this Court will not put in error a lower court on an issue not raised below, *In re Lovejoy,* 131 Vt. 525, 527, 309 A.2d 926 (1973), we will examine the record on appeal and will reach the question attempted to be raised if the case is one of "those rare and extraordinary cases where a glaring error occurred during the trial [which] strikes at the very heart of the respondent's constitutional rights." *State* v. *Morrill,* 127 Vt. 506, 511, 253 A.2d 142 (1969). We find from the record that the case before us is one that comes within the rule as stated in *State* v. *Morrill, supra.*

A plea of nolo contendere has the same legal effect as a plea of guilty insofar as regards all proceedings on the charge and on which the defendant may be sentenced. Black's Law Dictionary 1198 (4th ed. 1951). The plea admits the facts well pleaded, and although the defendant does not admit his guilt, he waives his right to jury trial, his privilege against compulsory self-incrimination, and his right to be confronted by his accusers. *United States* v. *Washington,* 341 F.2d 277 (3d Cir. 1965); *North Carolina* v. *Alford,* 400 U.S. 25, 35 (1970). The fact that the defendant's plea was entitled a plea of nolo contendere rather than a plea of guilty is of no consti-

tutional significance with respect to the issue of a knowledgeable, intelligent, and voluntary plea. *North Carolina* v. *Alford, supra,* 400 U.S. at 37.

■ The record of the trial court shows that at the time of arraignment the defendant's counsel indicated that the defendant desired to enter a plea of nolo, and the defendant himself, after inquiry by the trial judge, indicated that "I'd like to get it settled; I think nolo, if you take into consideration the circumstances". The record also shows that subsequent to the above exchanges, both the trial judge and defendant's counsel were in doubt as to the plea that the defendant desired to enter in view of the following questions and answers:

Judge: Mr. Monte, he's admitting one minute and the next denying it.

Monte: I am in the same situation, it's better for him to explain the circumstances. If he didn't hit him, he should plead not guilty, he doesn't want to do that, he doesn't want to be bothered with the case any longer. I said you explain to the judge in your own words just what did happen.

Nothing further appears in the record as to any explanation by the defendant, in view of the fact that the trial judge indicated that he did not wish to go into those items. At best then, that which transpired was an initial statement by defense counsel that a nolo plea would be entered, followed by subsequent equivocation by the defendant in his discussions with the judge, and culminating with no real resolution of the nature of the plea.

■ In determining if a nolo contendere plea was voluntarily, intelligently, and with knowledge made, it is required that the record affirmatively disclose clear evidence that it has been so done. *Brady* v. *United States,* 397 U.S. 742 (1970); *Wilkins* v. *Erickson,* 505 F.2d 761 (9th Cir. 1974) ; *McChesney* v. *Henderson,* 482 F.2d 1101 (5th Cir. 1973). From the entire record, we cannot say that the trial court affirmatively determined that the plea was intelligently and knowledgeably made, if in fact made at all. The appropriate remedy is to

476

vacate the proceedings and allow the defendant to plead anew or to stand trial. *In re Dussault*, 128 Vt. 135, 136, 259 A.2d 776 (1969). In view of the disposition of this cause, we do not reach the other issues briefed by the defendant.

*The sentences are vacated and the causes remanded for further proceedings consistent with the views herein stated.*